THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS FRANK LATTANZIO, Appellant.

Third Department, December 7, 1970.

*Thomas P. Feola* for appellant.

*Howard A. Levine, District Attorney* (*Elbert H. Watrous, Jr.,* of counsel), for respondent.

COOKE, J. This is an appeal from a judgment of the County Court of Schenectady County rendered November 13, 1969 upon a verdict convicting defendant of the crime of resisting arrest in violation of section 205.30 of the Penal Law, as charged in one count of the indictment. The jury found defendant not guilty of assault in the second degree (Penal Law, § 120.05), as set forth in another count.

Donald Frame, a motorcycle policeman assigned to checking the parking situation in the downtown area of the City of Schenectady, on April 5, 1969 received a complaint that an auto was parked in the middle of Jay Street. Proceeding there he found a maroon car parked into the street about seven feet from the car along the curb, an opened can of beer being on the seat and the keys in the ignition, and horns were being blown to the rear. After helping vehicles pass by and waiting a couple of minutes, the officer drove the car forward about 35 feet toward the curb, at which time defendant opened the right front door, and shouted obscenities and curses at Frame, whom he knew as a police

officer, and accused him of stealing the car. Defendant slammed the door and, continuing his yells and curses, proceeded to the driver's side and repeated the obscenities, whereupon the officer stated that he had moved the car because it was blocking traffic. It was the day before Easter, it was in the City Hall area, there were two florists nearby and a lot of people in the streets, so that people stopped and gathered. When the obscenities continued, defendant was placed under arrest for disorderly conduct.

At that moment, defendant struck Frame in the face, pushed him against the car, struck his face again and held his helmet so that the strap choked him, during which time the officer grabbed his assailant and tried to get his raincoat over him. A passerby rendered some assistance and other policemen came to the scene.

A person is guilty of resisting arrest when he intentionally prevents or attempts to prevent a peace officer from effecting an authorized arrest of himself or another person (Penal Law § 205.30). To convict of this misdemeanor, it is not necessary that a defendant use force or violence in obstructing the peace officer; it is enough that he engage in some conduct with the intent of preventing the officer from effecting an authorized arrest of himself or another (Practice Commentary by Denzer and McQuillan, McKinney's Cons. Laws of N. Y., Book 39, Penal Law, § 205.30, p. 677). The jury was justified in finding that the arrest (Code Crim. Pro., § 167) of defendant for disorderly conduct was authorized (Penal Law, § 240.20, subds. 1, 2, 3, 5; cf. *People* v. *Davis*, 303 N. Y. 235, 237; *People* v. *Barton*, 30 A D 2d 726) and that defendant intentionally attempted to prevent Frame from effecting it.

Although the arrest resisted must be an authorized one in order to warrant a conviction under section 205.30 of the Penal Law (see 78 Yale L. J. 1128, n. 58), section 35.27 of the Penal Law (L. 1968, ch. 73, eff. March 21, 1968) provides that a person may not use physical force to resist an arrest, whether authorized or unauthorized, which is being effected or attempted by a peace officer when it would reasonably appear that the latter is a peace officer. This latter section, a part of title C of the Penal Law dealing with defenses and of article 35 dealing with the defense of justification, does not create a new substantive crime (cf. *People* v. *Curtis,* 70 Cal. 2d 347, 354–355). The rationale behind it is that to authorize or encourage a person to engage an arresting officer in combat because of a difference of opinion concerning the validity of the arrest being effected or attempted produces an unhealthy situation, that orderly procedure dictates peaceful submission to duly constituted law enforcement

authority in the first instance and that, if it develops that the officer was in error and the arrest unauthorized, ample means and opportunity for remedial action in the courts are available to the arrestee (cf. *People* v. *Briggs,* 19 N Y 2d 37, 42; Supplementary Practice Commentary by Denzer and McQuillan, McKinney's Cons. Laws of N. Y., Book 39, Penal Law, § 35.27, 1970–71 Supplement, p. 50).

There is not only an exceedingly strong presumption of constitutionality, but a further presumption that the Legislature has investigated and found facts necessary to support this statute (*I. L. F. Y. Co.* v. *Temporary State Housing Rent Comm.,* 10 N Y 2d 263). The police power is designed to protect life, limb, health, comfort, peace and property but its exercise is justified only when it appears that the interests of the public generally, as distinguished from those of a particular class, require it, and when the means used are reasonably necessary for the accomplishment of the desired end and are not unduly oppressive (*Lawton* v. *Steele,* 152 U. S. 133, 137; *Ives* v. *South Buffalo Ry. Co.,* 201 N. Y. 271, 301). Here, the statute protects not only the physical safety of the peace officer but the average citizen as well, in that it discourages physical combat and reduces the risk of injury. The prompt remedial redress against illegal arrest that is available through the courts negates undue oppression.

No reason is found in the court's instructions warranting reversal, appellant's sole exception thereto being that section 35.27 of the Penal Law as charged is unconstitutional, which claim we find groundless. His only request to charge was granted. (Cf. *People* v. *Torre,* 33 A D 2d 43, 46.)

The judgment should be affirmed.

REYNOLDS, J. P., STALEY, JR., GREENBLOTT and SWEENEY, JJ., concur.

Judgment affirmed.