Charlotte Harrington FORD, Appellant,

v.

The STATE of Texas, Appellee.

No. 51532.

Court of Criminal Appeals of Texas.

July 14, 1976.

John W. Tottenham, III, Fort Worth, for appellant.

James Mullin, County Atty., and Fred M. Barker, Asst. County Atty., Weatherford, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

DOUGLAS, Judge.

This is an appeal from a conviction for resisting arrest. A jury assessed punishment at thirty days in jail and a five hundred dollar fine, probated.

This judgment was affirmed in a per curiam opinion dated March 17, 1976, and the question of the constitutionality of the statute discussed below was not considered because of the late filing of an appellate brief. The trial court has sent to this Court a supplemental transcript containing a copy of a timely order extending the time for filing the brief. The trial court also found that the brief had been timely filed. We will now consider the contentions raised. *Lynch v. State*, 502 S.W.2d 740 (Tex.Cr. App.1973).

Appellant was arrested for speeding. She refused to sign a promise to appear and was taken before a justice of the peace who gave her ten days to make an appearance bond. When she failed to make bond, the judge issued a warrant for her arrest. Two uniformed police officers went to the elementary school where she taught and tried to serve the warrant. She refused to go and began fighting with them.

In her first ground of error she argues that V.T.C.A., Penal Code, Section 38.03, V.T.C.A., Penal Code, Section 9.31, and V.T.C.A., Penal Code, Section 9.51, are in violation of Article One of the Texas Constitution and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution.

Without deciding, but assuming that the arrest is illegal, we will discuss the constitutionality of the statute.

V.T.C.A., Penal Code, Section 38.03, reads, in part, as follows:

"Sec. 38.03. Resisting Arrest or Search

"(a) A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest or search of the actor or another by using force against the peace officer or another.

"(b) *It is no defense to prosecution under this section that the arrest or search was unlawful.*" (Emphasis added)

■ Subsection (b) of Section 38.03 negates the common law right to resist an unlawful arrest. The question the appellant raises is whether this change in the law unduly interferes with due process of law and the guarantee against unreasonable searches and seizures provided by the Texas and United States Constitutions.

Several states have eliminated either by statute or by judicial decision [1] the common law right to resist an unlawful arrest. This reflects a growing realization that the use of self-help to prevent an unlawful arrest presents too great a threat to the safety of individuals and society to be sanctioned. The line between an illegal and legal arrest is too fine to be determined in a street confrontation; it is a question to be decided by the courts. By limiting the common law right to resist an unlawful arrest, the Legislature has not limited the remedies available to the person arrested. He or she may still take advantage of the right to bond, to appointed counsel if indigent, to prompt arraignment and determination of probable cause, to the exclusionary rule and to civil remedies against the offending policeman. The State has not increased the deprivation of liberty suffered upon arrest by the abolition of the common law right to resist an unlawful arrest. We hold that Section 38.-03, supra, is a valid exercise of the police power and does not violate the United States or Texas Constitution.

■ The appellant also challenges V.T.C.A., Penal Code, Section 9.31, which limits the right of self-defense against an illegal arrest. V.T.C.A., Penal Code, Section 9.31, reads as follows:

"Sec. 9.31. Self-Defense

"(a) Except as provided in Subsection (b) of this section, a person is justified in using force against another when and to the degree he reasonably believes the force is immediately necessary to protect himself against the other's use or attempted use of unlawful force.

"(b) The use of force against another is not justified:

"(1) in response to verbal provocation alone;

"(2) *to resist an arrest or search that the actor knows is being made by a peace officer, or by a person acting in a peace officer's presence and at his direction, even though the arrest or search is unlawful, unless the resistance is justified under Subsection (c) of this section;*

"(3) if the actor consented to the exact force used or attempted by the other; or

"(4) if the actor provoked the other's use or attempted use of unlawful force, unless:

"(A) the actor abandons the encounter, or clearly communicates to the other his intent to do so reasonably believing he cannot safely abandon the encounter; and

"(B) the other nevertheless continues or attempts to use unlawful force against the actor.

"(c) The use of force to resist an arrest or search is justified:

"(1) if, before the actor offers any resistance, the peace officer (or person acting at his direction) uses or attempts to use greater force than necessary to make the arrest or search; and

"(2) when and to the degree the actor reasonably believes the force is immediately necessary to protect himself

**1.** See California Penal Code, Section 834a (West 1970) [held constitutional in *People v. Curtis*, 70 Cal.2d 347, 74 Cal.Rptr. 713 (1969)]; Ill.Rev.Stat. ch. 38, Section 7–7 (1971) [upheld in *People v. Carroll*, 133 Ill.App.2d 78, 272 N.E.2d 822 (1971)]; R.I.Gen.Laws Ann. Section 12–7–10 (1970) [held constitutional in *State v. Ramsdell*, 109 R.I. 320, 285 A.2d 399 (1971); N.H.Rev.Stat.Ann. Section 594:5 (1955); Del. Code Ann. tit. 11, Section 1905 (1953); New York Penal Code, McKinney's Ann., Section 35.27 (1972) [upheld in *People v. Lattanzio*, 35 A.D.2d 313, 316 N.Y.S.2d 163 (1970)]; Michigan C.L.A., Section 752.825 (1968); *State v. Koonce*, 89 N.J.Super. 169, 214 A.2d 428 (App. Div.1965); *City of Columbus v. Fraley*, 41 Ohio St.2d 173, 324 N.E.2d 735 (1975); *Miller v. State*, 462 P.2d 421 (Alaska 1969); *State v. Lockner*, 20 Ariz.App. 367, 513 P.2d 374 (1973).

against the peace officer's (or other person's) use or attempted use of greater force than necessary.

"(d) The use of deadly force is not justified under this subchapter except as provided in Sections 9.32, 9.33 and 9.34 of this code." (Emphasis added)

This limitation of the right of self-defense against an unlawful arrest is a necessary complement to Section 38.03, supra, and is also a reasonable and legitimate exercise of police power. As in Section 38.03, supra, the Legislature has limited the citizen's right to use force when he knows he is confronted by an officer of the law and the officer does not himself use excessive force to make the arrest. The citizen still maintains all his judicial remedies for an unlawful arrest. We hold that V.T.C.A., Penal Code, Section 9.31, is not unconstitutional.

■ Finally, appellant contends that V.T.C.A., Penal Code, Section 9.51, is unconstitutional. Section 9.51, supra, reads, in part, as follows:

"Sec. 9.51. Arrest and Search

"(a) A peace officer, or a person acting in a peace officer's presence and at his direction, is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to make or assist in making an arrest or search, or to prevent or assist in preventing escape after arrest, if:

"(1) *the actor reasonably believes the arrest or search is lawful or, if the arrest or search is made under a warrant, he reasonably believes the warrant is valid;* and

"(2) before using force, the actor manifests his purpose to arrest or search and identifies himself as a peace officer or as one acting at a peace officer's direction, unless he reasonably believes his purpose and identity are already known by or cannot reasonably be made known to the person to be arrested." (Emphasis added)

This statute allows an officer of the law or his agent to use whatever force is necessary to arrest a person when the officer or his agent has a reasonable belief that the arrest is lawful. The statute does not allow a policeman or his agent to use excessive force to effect an arrest nor does it contradict Sections 38.03 and 9.51, supra, which deal only with lawful or unlawful peaceful arrests.

Appellant attacks the statute on the ground that it allows, literally, the legality or illegality of an arrest, for all purposes, to be determined by the reasonable belief of a peace officer. She argues that the reasonable belief of a police officer is not an adequate standard for the determination of the legality of an arrest.

The plain language of the statute does not give to policemen the discretion to determine the legality or illegality of an arrest for all purposes. The statute only speaks to the use of force to make an arrest and allows the police to arrest without acting at their peril on a matter which may take a court months to decide.

This statute gives police some maneuverability in the performance of their duties. The United States Supreme Court has sanctioned the use of similar police discretion in cases such as *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). We find that V.T.C.A., Penal Code, Section 9.51, is a valid exercise of the State's police power and does not violate the Texas or United States Constitution.

This is like the situation of one escaping from jail. A defendant charged with such an offense may not rely upon the invalidity of an indictment to show that his restraint is unlawful to constitute a defense to such an offense.

In *Rodriquez v. State*, 457 S.W.2d 555 (Tex.Cr.App.1970), this Court wrote:

"Even if the indictment under which appellant was held was invalid, its validity may not be challenged in this case. One cannot test the propriety of his confinement in jail by escaping from it. See *Godwin v. United States*, 185 F.2d 411 (8th Cir. 1950). Remedies, other than

escape, are available for procuring through legal process the release of those who are unlawfully held in custody. For a well-reasoned discussion on a case in point, see *People v. Hill*, 17 Ill.2d 112, 160 N.E.2d 779 (1959)."

The first ground of error is overruled.

Appellant's remaining grounds of error depend upon the unconstitutionality of Sections 38.03, 9.31 and 9.51, supra. Since we have held these statutes constitutional, these contentions need not be discussed.

The motion for rehearing is denied; the judgment is affirmed.