OPINION OF THE COURT
Julian A. Hertz, J.
In the face of the no-sock law (Penal Law, § 35.27), what is the legal effect of citizen resistance to a groundless arrest having the following factual background?
A preliminary felony hearing discloses the following facts. On June 15, 1978, at 9:35 p.m., at the Kingsbridge Road (IND) subway platform southbound, the complaining officer, while in *125 plainclothes and on anticrime patrol, was recognized by the defendant. He promptly and repeatedly shouted his observation to the world by announcing the fact that the complainant was a police officer and warning those within hearing to refrain from doing anything wrong.
As a consequence, the officer, who claims he then had a youth suspected of a graffiti offense under surveillance, concluded the defendant had violated section 195.05 of the Penal Law (obstructing governmental administration). The defendant was pursued, captured, and taken into custody. The decision to charge that violation of statute was based on what this court believes is a misapprehension of the statute. By his vocal disclosure and conceding that by so doing he (in the words of the officer) "blew his cover,” it is the decision of this court that such conduct does not constitute obstructing governmental administration. In another case, People v Offen (96 Misc 2d 147, 151), this court stated its view that, "The section charged (Penal Law § 195.05) was not designed for this situation. It was, rather, intended to make criminal conduct designed to interrupt or shut down administrative governmental operations. This court fears that there is a tendency to pervert its purpose in the manner disclosed in this case. This judge would discourage the practice as unnecessary and counterproductive.” In the case at bar the effect of the defendant’s disclosure did, perhaps, make it more difficult to perform plainclothes duty. The fact, alone, is a risk inherent in many other similar situations. To uphold the charge in this case might be interpreted as requiring a concomitant conclusion repugnant to this court’s view of the law. For example, if the People were engaged in an undercover sale of drugs and it could be shown that the seller refused to go through with the sale by reason of his recognition of or his information that the buyer is an officer, can it seriously be contended that the prospective seller and/or his informant obstructed governmental administration? I think not. For these reasons the court dismissed section 195.05 of the Penal Law during the hearing.
After the direct examination of the complaining officer, the People moved to add a charge of disorderly conduct. The court granted that motion on the theory that the prosecution had disclosed facts supporting the conclusion that during the arrest process the defendant had called out to third-party passersby exhorting them to assist and free him. It is the conclusion of this court that the People are entitled at trial to *126 put before the fact finder that charge in an attempt to show that the defendant:
"with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof:
"1 * * * engages in * * * tumultuous * * * behavior”. (Penal Law, § 240.20.)
The court notes that there was no application to add a harassment charge.
In the process of securing this defendant it is charged that he assaulted the police officer. Evidence coming from Police Officer Ryan related that an injury was received in the course of a struggle with the officer. This court concludes there was insufficient evidence to justify an arrest in the first instance and for that reason now dismisses the charge of resisting arrest filed under section 205.30 of the Penal Law (on the authority of the substantial body of case law which, interpreting the statute, requires there be a valid basis for arrest) (People v Lyke, 72 Misc 2d 1046; People v Lattanzio, 35 AD2d 313; People v Sanza, 37 AD2d 632).
After a preliminary hearing this court holds for trial the assault charge (reduced on motion of the People to a misdemeanor, Penal Law, § 120.00), and the charge of section 240.20 of the Penal Law, disorderly conduct. The distinction between the decision in regard to the charge of resisting arrest and that of assault derives from the fact that even in the case of an assault on an officer where the officer had no basis for an arrest, one may not physically resist. The public policy is expressed in section 35.27 of the Penal Law, which interdicts such actions. As stated in People v Ailey (76 Misc 2d 589, 598): "As this court views section 35.27 of the Penal Law, it is nothing more than a limitation upon the invocation of the traditional self defense exemption where police officers are involved. (At common law an unauthorized arrest was considered as an assault and, therefore, a citizen could use reasonable force to defend himself.) That it is nothing more than this is strongly corroborated by the fact that it is included within the codified traditional self defense provisions (Penal Law, art. 30 — Defenses Involving Lack of Criminal Responsibility).”
The motion to dismiss at the close of the hearing is decided in accordance with the foregoing views.