**Rosie SALINAS, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–84–029–CR.**

Court of Appeals of Texas,
Corpus Christi.

Feb. 7, 1985.

Earl C. Hill, San Antonio, for appellant.

George J. Filley, III, Dist. Atty., Victoria, for appellee.

Before UTTER, KENNEDY and KEITH, JJ.

OPINION

UTTER, Justice.

This is an appeal from a jury conviction for the offense of aggravated assault on a peace officer under TEX. PENAL CODE ANN. § 22.02 (Vernon Supp.1984) for which the jury assessed punishment at three years' confinement in the Texas Department of Corrections, which was probated for three years, and a $3,000.00 fine. We affirm the judgment of the trial court.

In her first ground of error, appellant challenges the constitutionality of TEX. PENAL CODE ANN. § 22.02(a)(2) (Vernon Supp.1984).

Appellant first claims that the application of TEX. PENAL CODE ANN. 9.31 (Vernon Supp.1984) requires that appellant has no right to defend herself against an unlawful arrest and assault by a police officer simply because he is a police officer. This is not correct. § 9.31(c) provides:

(c) The use of force to resist an arrest or search is justified:

(1) if, before the actor offers any resistance, the peace officer (or person acting at his direction) uses or attempts to use greater force than necessary to make the arrest or search; and

(2) when and to the degree the actor reasonably believes the force is immediately necessary to protect himself against the peace officer's (or other person's) use or attempted use of greater force than necessary.

Appellant then claims that the application of § 22.02(2) and § 9.31(a)(b) and (c) together require appellant to await the actual use of greater force by a peace officer than necessary to illegally arrest her or to permit the peace officer to attempt to use some greater force than necessary to illegally arrest her before she can defend herself against such illegal arrest and that such requirement is violative of the equal protection rights afforded by the 14th Amendment of the United States Constitution.

The constitutionality of § 9.31 when applied and used in conjunction with TEX. PENAL CODE ANN. § 38.03 (Vernon Supp.1984) has previously been upheld by the Texas Court of Criminal Appeals in *Ford v. State*, 538 S.W.2d 633 (Tex.Crim. App.1976), wherein the Court wrote:

This limitation of the right of self-defense against an unlawful arrest is a necessary complement to Section 38.03, supra, and is also a reasonable and legitimate exercise of police power. As in Section 38.03, supra, the Legislature has limited the citizen's right to use force when he knows he is confronted by an officer of the law and the officer does not himself use excessive force to make the arrest. The citizen still maintains all his judicial remedies for an unlawful arrest. We hold that V.T.C.A., Penal Code, Section 9.31, is not unconstitutional.

*Ford v. State*, 538 S.W.2d at 636.

Likewise, this limitation of the right of self-defense against an unlawful arrest is a necessary complement to § 22.02 and also is a reasonable and legitimate exercise of police power. We hold that § 22.02 is not unconstitutional when used and applied with § 9.31, which limits the right of self-defense. Appellant's first ground of error is overruled.

In her second ground of error, appellant asserts that "The verdict of the jury in this case is against and contrary to the law and facts presented in this cause and should be reversed"; however, the only argument presented alleges that the victim during cross-examination gave a nonresponsive answer, which was "obviously designed" to prejudice the minds of the jury. After testifying that he had disarmed appellant, the victim (a police officer) gave the following testimony:

Q. Were you afraid of her now at this point?

A. She had been known to carry a knife.

The court refused to instruct the jury to disregard the nonresponsive statement and denied appellant's motion for mistrial.

Prior to the nonresponsive statement, the victim had already related details of appellant's conduct prior to her arrest including fighting, kicking, scratching, recklessly driving her truck at a high rate of speed near and towards the victim's car, carrying a pistol, pointing such pistol at the victim, threatening to shoot said pistol and hitting the victim with a board. Later, appellant's son testified that appellant carried a gun in her truck. Finally, appellant admitted that she had a pistol lying next to her on the seat of her truck and carried a shotgun behind the seat of the truck.

Even if the nonresponsive statement was improper and even if the trial court should have instructed the jury to disregard the nonresponsive statement, the nonresponsive statement was harmless. The test for harmless error is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction or affected the punishment assessed. *Johnson v. State*, 660 S.W.2d 536 (Tex.Crim.App.1983); *Prior v. State*, 647 S.W.2d 956 (Tex.Crim.App.1983); *Clemons v. State*, 605 S.W.2d 567 (Tex.Crim.App.1980); *Esquivel v. State*, 595 S.W.2d 516 (Tex.Crim.App.1980); *Gentsch v. State*, 654 S.W.2d 768 (Tex.App.—Houston [14th Dist.] 1983, no pet.). A review of the evidence in this case reveals that there is no reasonable possibility that the nonresponsive statement might have contributed to the conviction or affected the punishment assessed.

Consequently, we hold that the trial court's failure to instruct the jury to disregard the nonresponsive statement was not so prejudicial so as to warrant a reversal. Furthermore, after reviewing all of the evidence, we hold that the evidence is sufficient to support the verdict. Appellant's second ground of error is overruled.

The judgment of the trial court is AFFIRMED.