NUMBERS

 13-10-00064-CR

13-10-00065-CR[1]

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI – EDINBURG

                                                                                                                             

 

FLORIA JEAN ROBINSON,                                                                   Appellant,

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

OLIN ANTHONY ROBINSON,                                                     Appellant,

 

v.

 

THE STATE OF TEXAS,                                                               
Appellee.

                                                                                                                             

 

On appeal from the 24th
District Court

of Jackson County, Texas.

                                                                                                                             

 

MEMORANDUM OPINION

 

Before Justices
Garza, Vela, and Perkes

Memorandum Opinion by
Justice Garza

 

            A jury found appellant
Floria Jean Robinson guilty of evading arrest or detention with a vehicle, see
Tex. Penal Code Ann. § 38.04(a),
(b)(1)(B) (Vernon Supp. 2010), and imposed punishment of two years’ confinement
in the Texas Department of Criminal Justice–State Jail Division and a $10,000
fine.  See id. § 12.25 (Vernon
Supp. 2010).  The jury also found appellant Olin Anthony Robinson guilty of the
third-degree felony offense of assault on a public servant, see id. §
22.01(a)(1), (b)(1) (Vernon Supp. 2010), and imposed punishment of four years’
imprisonment in the Texas Department of Criminal Justice–Institutional Division
and a $10,000 fine.  See id. § 12.34
(Vernon Supp. 2010).  By two issues in appellate cause number
13-10-064-CR, Floria contends:  (1) the trial court erred in denying her motion
to quash the indictment; and (2) the evidence is legally insufficient to
support her conviction.  By a single issue in appellate cause number
13-10-065-CR, Olin contends the trial court erred in denying his motion to
suppress evidence.  We affirm both convictions.   

I. 
Background

            Floria and her husband,
Olin, were tried together.  The State’s primary witness at trial was the
arresting officer, Bobby Doelitsch, then a deputy with the Jackson County Sheriff’s
Department.  Around 11:30 p.m. on May 7, 2005, Deputy Doelitsch noticed a
vehicle with a defective brake light.  When Deputy Doelitsch was several car
lengths away, he observed that the vehicle failed to stop completely at a stop
sign and failed to properly signal a turn.  Deputy Doelitsch activated his
overhead lights and videorecorder.  It is undisputed that the vehicle’s
driver—later determined to be Floria—did not stop, but continued for three and
a half blocks before turning into her own driveway and finally stopping at the
back of her house.  According to Deputy Doelitsch, Floria drove for thirty-nine
seconds—a distance of a quarter of a mile—after he activated his overhead
lights.  After Floria stopped, she exited the pickup, ignoring the officer’s
request that she remain in the truck; instead, she attempted to reach into the
back of the pickup.  Deputy Doelitsch lowered the top of the truck bed’s cover on
Floria’s hand to stop her from reaching inside the truck.  Deputy Doelitsch
called for backup because he did not have control of the situation.  Floria
interfered with Deputy Doelitsch’s efforts to keep Olin inside the truck.  Deputy
Doelitsch arrested Floria, handcuffed her, and put her in the police vehicle.  

            By this time,
approximately twenty people had gathered at the scene.  Olin hit Deputy
Doelitsch in the face with his fist.  Deputy Doelitsch handcuffed and arrested
Olin.  Deputy Doelitsch did not issue a traffic citation to Floria because he
had already arrested her.  On cross-examination, Deputy Doelitsch testified
that Olin was detained during his investigation of the traffic stop.  Deputy
Doelitsch admitted that he had no probable cause to believe that Olin was
engaged in any illegal activity.  No search was conducted of the pickup.  

            Vincent Flores Jr., an officer
with the Edna Police Department, testified that he received a call for
assistance from Deputy Doelitsch.  When Officer Flores arrived, Floria and Olin
were “screaming and yelling,” using profanity, and “being dysfunctional.”  Officer
Flores knew Floria and Olin and many of the people gathered at the scene. 
According to Officer Flores, the crowd was upset that the Robinsons had been
arrested.  

            Bruce McConathy, a captain
with the Edna Police Department, testified that he also arrived at the scene to
assist Deputy Doelitsch.  Officer McConathy testified that his patrol car
videorecorder was operating and recorded Floria being placed in Deputy
Doelitch’s police car.[2] 
According to Officer McConathy, Deputy Doelitsch did not have control of the
situation because Floria was not complying with his orders. 

            Floria testified that her
brake light was not out and that she did not run a stop sign.  She admitted
that she drove approximately three blocks to her house after the officer’s
emergency lights were activated because she was “afraid” she might be harmed. 
On cross-examination, Floria acknowledged that she refused to stop.  When Deputy
Doelitsch approached her at her house, she ignored him because she believed he
had no reason to stop her.  She admitted that if she had pulled over when the
officer activated his lights, the situation “probably” would not have escalated
as it did.  Floria also admitted that the officer did not throw her in the
police car, that she refused to be handcuffed, and that Deputy Doelitsch asked
her to put her hands behind her back twelve times.  Floria testified that when
she saw the officer’s vehicle with its emergency lights on, she was going to
make her own decision as to when to stop.  

II. 
Floria’s Issues

A.  Motion to Quash Indictment 

            By her first issue,
Floria contends the trial court erred in denying her motion to quash the
indictment because it is “duplicitous” in that the caption and body of the
indictment appear to allege different offenses. 

1.   
Standard
of Review and Applicable Law

            “The
sufficiency of a charging instrument presents a question of law.”  Smith v.
State, 309 S.W.3d 10, 13 (Tex. Crim. App. 2010).  “An appellate court
therefore reviews a trial judge's ruling on a motion to quash a charging
instrument de novo.”  Id. at 13-14.  “In determining whether a defendant
has sufficient notice to prepare his or her defense, we must determine whether
the charging instrument fails to provide all the requisites of ‘notice.’”  State
v. Brown, 314 S.W.3d 487, 492 (Tex. App.–Texarkana 2010, no pet.) (citing Olurebi
v. State, 870 S.W.2d 58, 61 (Tex. Crim. App. 1994)). “Subject to rare
exceptions, an indictment tracking the language of the statute will satisfy
constitutional and statutory requirements; the State need not allege facts that
are merely evidentiary in nature.”  State v. Mays, 967 S.W.2d 404, 406
(Tex. Crim. App. 1998).  “[I]f the language of the statute is itself completely
descriptive of the offense, an information is sufficient if it follows the
statutory language.”  Id.

2.   
Discussion


            In her
pre-trial motion to quash, Floria complained that there is a discrepancy
between the caption of the indictment, which cites the offense of failure to
identify in violation of section 38.02 of the penal code, see Tex. Penal Code Ann. § 38.02 (Vernon
Supp. 2010), while the body of the indictment reflects that she is being
charged with violating either:  (1) section 545.421 of the transportation code
(fleeing or attempting to elude a police officer), see Tex. Transp. Code Ann. § 545.421
(Vernon Supp. 2010); or (2) section 38.04(b)(1) of the penal code (evading
arrest or detention), see Tex.
Penal Code Ann. § 38.04(b)(1).  The motion alleged that “the Defendant
has no way to ascertain which offense is to be prosecuted so that she may
prepare a proper defense.”  In arguing the motion to quash before the trial
court, Floria’s counsel argued that “there could be a confusion based on
looking at the record as to which is being charged . . . .”  The trial court
denied the motion.  

            The
caption of the indictment, set off from the body of the indictment by a
double-lined box, states, “Offense:  Evading Detention With a Vehicle,” but
references “Sec. 38.02.”  The body of the indictment states, in pertinent part,
that on or about May 7, 2005, Floria did then and there

intentionally flee from Bobby
Doelitsch, a person [Floria] knew to be a peace officer, to wit:  a Deputy with
the Jackson County Sheriff’s Office, attempting to lawfully arrest and detain
the said [Floria], and [Floria] did then and there use a vehicle while the said
[Floria] was in flight.

 

            Floria’s
argument that the indictment is defective because the caption incorrectly
references section 38.02 of the penal code is without merit.  It is well
settled that the caption is not considered to be a part of the indictment.  See
Steadman v. State, 160 S.W.3d 582, 586 n.3 (Tex. App.–Waco 2005, pet.
ref’d).

            With
regard to Floria’s argument that there is “confusion” as to whether she was
being charged with “fleeing” under the transportation code or “evading” under
the penal code, we note that the court of criminal appeals—and this Court—have
held that the offense of fleeing or attempting to elude a police officer under
section 545.421 of the transportation code is not a lesser-included offense of
evading arrest under section 38.04 of the penal code.  See McKithan v. State,
324 S.W.3d 582, 591-92 (Tex. Crim. App. 2010) (citing Farrakhan v. State,
263 S.W.3d 124, 132 (Tex. App.–Houston [1st Dist.] 2006), aff’d, 247
S.W.3d 720, 720-24 (Tex. Crim. App. 2008)); see also Adams v. State, No.
13-09-334-CR; 2010 Tex. App. LEXIS 5588, at **25-26 (Tex. App.–Corpus Christi
July 15, 2010, pet. ref’d) (mem. op., not designated for publication).  

            The
elements of fleeing or attempting to elude a police officer under section
545.421 of the transportation code are:  (1) a person; (2) operates a motor
vehicle; (3) and wilfully; (4) fails or refuses to bring the vehicle to a stop;
or (5) flees or attempts to elude a pursuing police vehicle; (6) when given a
visual or audible signal to bring the vehicle to a stop; (7) and the signal is
by hand, voice, emergency light, or siren; (8) the officer giving the signal is
in uniform; (9) with a prominently displayed badge, and (10) the officer's
vehicle is appropriately marked as a law enforcement vehicle.  See Tex. Transp. Code Ann. § 545.421.  In
contrast, the elements of evading arrest or detention under section 38.04 as
alleged required the State to prove that (1) Floria (2) intentionally (3) fled (4)
from Deputy Doelitsch, (5) knowing that Deputy Doelitsch was a peace officer
(6) and that he was attempting to lawfully arrest or detain her, and (7) she
used a vehicle while in flight.  See Tex.
Penal Code Ann. § 38.04(a)(b)(1)(B).  Here, the indictment precisely tracked
the elements required for the offense of evading arrest or detention under
section 38.04 of the penal code.  See id.  It did not allege—and the
State was not required to prove—the additional elements that Deputy Doelitsch
was in a police vehicle, that he gave a signal to stop, that he was in uniform
with a prominently displayed badge, or that his vehicle was marked as a law
enforcement vehicle.  See Tex.
Transp. Code Ann. § 545.421.

            We
conclude that, because the language of section 38.04 is completely descriptive
of the nature of the offense and the indictment tracked the statutory language,
the indictment provided sufficient notice.  See Mays, 967 S.W.2d at
406.  We overrule Floria’s first issue.

 

B.  Sufficiency of
the Evidence

            By her
second issue, Floria contends the evidence is legally and factually
insufficient to support her conviction.  We disagree.

1.     Standard of Review
and Applicable Law

            The court
of criminal appeals has recently held that there is “no meaningful distinction
between the Jackson v. Virginia legal sufficiency standard and the Clewis
factual-sufficiency standard” and that the Jackson standard “is the
only standard that a reviewing court should apply in determining whether the
evidence is sufficient to support each element of a criminal offense that the
State is required to prove beyond a reasonable doubt.”  Brooks v. State, 
323 S.W.3d 893, 902-03, 912 (Tex. 2010) (plurality op.).  Accordingly, we
review Floria’s claims of evidentiary sufficiency under “a rigorous and proper
application of the Jackson standard of review.”  Id. at 906-07,
912.[3] 


            Under the
Jackson standard, “the relevant question is whether, after viewing the
evidence in the light most favorable to the prosecution, any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.”  Jackson v. Virginia, 443 U.S. 307, 319 (1979); see Brooks,
323 S.W.3d at 898-99 (characterizing the Jackson standard as: 
“Considering all of the evidence in the light most favorable to the verdict,
was a jury rationally justified in finding guilt beyond a reasonable doubt”).

            We
measure the legal sufficiency of the evidence by the elements of the offense as
defined by a hypothetically correct jury charge.  Coleman v. State, 131 S.W.3d
303, 314 (Tex. App.–Corpus Christi 2004, pet. ref’d) (citing Malik v. State,
953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).  The elements of the offense of
evading arrest or detention by using a vehicle are:  (1) a person (2)
intentionally (3) flees (4) from a person (5) she knows is a peace officer (6)
attempting to lawfully arrest or detain her and (6) the actor uses a vehicle
while in flight.  Tex. Penal Code Ann. §
38.04(a), (b)(1)(B); see Calton v. State, 176 S.W.3d 231, 234 (Tex.
Crim. App. 2005) (en banc).  

2.     Discussion

            Floria
argues that the evidence is legally insufficient to show that she was
“fleeing.”  See Tex. Penal Code
Ann. § 38.04(a).  Specifically, Floria contends that, “[d]riving three
blocks at a slow speed to her driveway after seeing emergency [lights]
activated cannot be considered ‘intentionally fleeing’ under the facts and
circumstances in this case.”  Floria points to Deputy Doelitsch’s testimony
that after he activated his emergency lights, she maintained the same rate of
speed, did not attempt to accelerate, and after she stopped at her home, did
not attempt to run away or leave the scene.[4] 


            We are
unpersuaded by Floria’s argument.  “The statute does not require high-speed
fleeing, or even effectual fleeing.  It requires only an attempt to get away
from a known officer of the law.  Thus, under the law, fleeing slowly is still
fleeing.”  Mayfield v. State, 219 S.W.3d 538, 541 (Tex. App.–Texarkana
2007, no pet.).  “‘[F]leeing’ is anything less than prompt compliance with an officer’s
direction to stop.”  Horne v. State, 228 S.W.3d 442, 446 (Tex.
App.–Texarkana 2007, no pet.); see also Sartain v. State, No.
03-09-00066-CR, 2010 Tex. App. LEXIS 3877, at *5-8 (Tex. App.–Austin May 19,
2010, no pet.) (memo. op., not designated for publication) (concluding that
Sartain intended to flee when he moved his truck half a block to a house where
he was allegedly living and when he continued to ignore the officer, walking
away from him even after stopping at the house); Small v. State, No.
05-02-1328-CR, 2003 Tex. App. LEXIS 7898, at *3-6 (Tex. App.–Dallas Sept. 10,
2003, no pet.) (not designated for publication) (determining the evidence
established that Small was evading police when he drove two to three miles
after the lights and sirens of several police cars were activated as they
pursued his car, even though Small argued that he was only driving his vehicle
home so it would not be towed).

            Here,
Floria’s own testimony established that after she knew the officer’s overhead
lights were activated, she refused to stop and continued to drive
three-and-a-half blocks to her house.[5] 
Floria demonstrated her intent not to stop when she testified that she did not
pull over because she was “afraid.”  Assuming the trial court resolved any
conflict in the testimony, weighed the evidence, and drew reasonable inferences
in a manner supporting the verdict, and examining the evidence in the light
most favorable to the verdict, we conclude that a rational trier of fact could
find beyond a reasonable doubt that Floria was fleeing.  See Jackson,
443 U.S. at 319.  The evidence was therefore legally sufficient to support
Floria’s conviction.  We overrule her second issue.   

III.  Olin’s
Issue

A. Motion
to Suppress

            By a single issue, Olin contends that
the trial court erred in denying his motion to suppress evidence because he was
illegally detained.[6]

1.     Standard of Review 

            Whether the trial court
properly denied a defendant's motion to suppress is reviewed under a bifurcated
standard of review.  St. George v. State, 237 S.W.3d 720, 725 (Tex.
Crim. App. 2007).  We give almost total deference to the trial court's
determination of historical facts and review de novo the trial court's
application of law to facts not turning on credibility and demeanor.  Scardino
v. State, 294 S.W.3d 401, 405 (Tex. App.–Corpus Christi 2009, no pet.); see
Ford v. State, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005).  When, as in
this case, the trial court makes no explicit findings of historical fact, the
evidence must be viewed in the light most favorable to the trial court's
ruling.  St. George, 237 S.W.3d at 725.  We must uphold the trial
court's ruling, if it is supported by the record and correct under any theory
of law applicable to the case, even if the trial court gave the wrong reason
for its ruling.  State v. Stevens,, 235 S.W.3d 736, 740 (Tex. Crim. App.
2007).  “Absent a clear abuse of discretion, the ruling on the admissibility of
evidence will not be disturbed.”  Fonseca v. State, 881 S.W.2d 144, 149
(Tex. App.–Corpus Christi 1994, no pet.) (citing Rivera v. State, 808
S.W.2d 80, 96 (Tex. Crim. App. 1991)).  

2.     Discussion 

            Olin argues that he was
illegally detained because Deputy Doelitsch admitted that he did not have
probable cause to believe that Olin was engaged in any illegal activity.  The
State argues that the trial court did not err in denying Olin’s motion to
suppress because:  (1) when an officer stops and lawfully detains a driver for
committing a traffic offense, the officer may also make an investigative
detention of a passenger in the vehicle; and (2) even if Olin had been
unlawfully detained, the exclusionary rule is inapplicable “because it
contemplates the illegal acquisition of existing evidence of a previously
committed crime, and not evidence of an offense committed by appellant which
the deputy could not foresee would occur.”

            We agree with the State’s
second argument that, assuming arguendo that Olin’s initial detention
was unlawful, evidence of his subsequent assault on Deputy Doelitsch was not
subject to suppression under the exclusionary rule.  

            In State v. Marquez,
the El Paso Court of Appeals recently addressed this issue.  281 S.W.3d 56,
60-62 (Tex. App.–El Paso 2008, pet. dism’d).  In Marquez, in the course
of investigating a family-violence call, Officer Louis Johnson arrested Marquez
for littering and consumption of alcohol by a minor.  Id. at 58.  A
scuffle ensued, and Marquez was charged with assault on a public servant.  Id. 
Marquez filed a motion to suppress evidence, arguing that his arrest was
unlawful.  Id.  The trial court found that Officer Johnson lacked
credibility, found there was no probable cause to support Marquez’s arrest, and
granted the motion to suppress.  Id. at 59-60.  

            The State appealed,
arguing that even if Marquez’s initial arrest was illegal, any evidence of his
subsequent assault on Officer Johnson was not subject to suppression under the
exclusionary rule.  Id. at 60.  The court of appeals found that the
trial court was within its discretion to disbelieve Officer Johnson’s
testimony, and therefore, within its discretion to grant the motion to suppress
evidence of the initial arrest.  Id. at 61.  The court found,
however, that suppression of the evidence of the assault “call[ed] for a
different analysis” as follows:

Under the Texas exclusionary rule,
evidence obtained in violation of state or federal law may not be admitted
against the accused in a criminal case. See Tex. Code Crim. Proc. Ann. art. 38.23.  The phrase
"obtained in violation of the law" contemplates that a crime has been
committed, that evidence of a crime exists, and that the officer violated the
law by attempting to obtain evidence of the previously committed crime.  State
v. Mayorga, 901 S.W.2d 943, 945-46 (Tex. Crim. App. 1995) (plurality op.); Donoho
v. State, 39 S.W.3d 324, 327 (Tex. App.–Fort Worth 2001, pet. ref'd); Cooper
[v. State], 956 S.W.2d [95], 98 [Tex. App.–Tyler 1997, pet. ref’d].  Thus,
the evidence which must be excluded under article 38.23 is evidence of the
crime that was committed prior to the officer's unlawful search or seizure, not
evidence of a crime that was committed thereafter. See Mayorga, 901
S.W.2d at 946; Bryant v. State, 253 S.W.3d 810, [812-13 (Tex. App.–Amarillo
Feb. 25, 2008, pet. dism’d] ; Donoho, 39 S.W.3d at 327 (holding that,
because appellant committed the aggravated assault after his warrantless
arrest, evidence of the assault was not obtained in "violation of the
law"); Cooper, 956 S.W.2d at 98 (holding that the evidence of
aggravated assault on a peace officer did not exist at the time the lawful or
unlawful arrest was attempted and that the alleged illegality of the arrest was
irrelevant to the crime of aggravated assault).  Here, it is clear that the
allegedly assaultive conduct occurred after the initial arrest.  Accordingly,
to the extent that the Court's order suppresses evidence of the alleged assault
upon Officer Johnson, the State's issue is sustained. 

 

Id. (footnote omitted); see also Badillo v. State,
Nos. 07-07-081-CR, 07-07-082-CR, 07-07-083-CR, 2009 Tex. App. LEXIS 1465, at
*11 (Tex. App.–Amarillo 2009, no pet.) (mem. op., not designated for
publication) (“[W]e agree also with the State’s contention that appellant’s
prosecution for assault on a public servant during the course of the arrest
does not depend on the arrest’s lawfulness.”); Quigley v. State, No.
05-02-294-CR, 2003 Tex. App. LEXIS 2362, at **5-6 (Tex. App.–Dallas 2003, pet.
ref’d) (mem. op., not designated for publication) (holding trial court did not
err in denying motion to suppress because evidence of assault on a peace officer
did not exist at the time the unlawful arrest was attempted).

            We agree with the
reasoning of the El Paso Court in Marquez.  See Marquez, 281
S.W.3d at 61.  Thus, if Olin’s assault of Deputy Doelitsch occurred after
his allegedly illegal detention, evidence of the assault was not obtained “in
violation of the law” and the trial court did not err in declining to suppress
it.     

            Deputy Doelitsch testified
that before the alleged struggle, Olin was “not  free to leave” and was
“detained with the vehicle” because he was “not just going to let the
passengers walk away.”  He also testified that when Olin hit him in the face,
he was attempting to arrest Olin.  Deputy Doelitsch testified that Olin was
“not free to leave until the traffic stop [was] over with.”  According to Deputy
Doelitsch, up until his struggle with Olin, he “just wanted [Olin] to stay
there.”  He testified that he did not know whether there were drugs or weapons
in the vehicle and he was not “going to just let [Olin] get out and go in the
house.”  Thus, Deputy Doelitch’s testimony established that Olin was clearly
detained—legally or illegally—before the assault.  Accordingly, when
Olin’s allegedly unlawful detention began, evidence of his assault on Deputy
Doelitsch did not yet exist and his allegedly illegal detention was irrelevant
to his assault of Deputy Doelitsch.  See Marquez, 281 S.W3d at 61; Cooper,
956 S.W.2d at 98. 

            In addition, this Court
noted in Tucker v. State that “regardless of the lawfulness of the
attempted arrest, the duty of the citizen is to submit and not resist the
arrest.”  114 S.W.3d 718, 723-24 (Tex. App.–Corpus Christi 2003, pet. ref’d). 
In Tucker, the appellant was convicted in two cases of assault on a
public servant.  Id. at 719.  Appellant challenged the sufficiency of
the evidence supporting his conviction, arguing that the police officers were
not discharging an official duty because his attempted arrest was unlawful.  Id.
at 722; see Tex. Penal Code
Ann. §22.01(b)(1) (Vernon Supp. 2010).  In rejecting the appellant’s
argument, this Court observed:

Several courts of appeal have also
held that it is not a defense to assaulting a public servant in the lawful
discharge of his official duties that the arrest attempted by the public
servant was illegal.  See Traylor v. State, 43 S.W.3d 725, 729 (Tex.
App.–Beaumont 2001, no pet.); Cooper v. State, 956 S.W.2d 95, 98 (Tex.
App.–Tyler 1997, pet. ref'd).  It is a fundamental tenet of this law that,
"The line between an illegal and legal arrest is too fine to be determined
in a street confrontation; it is a question to be decided by the courts."  Cooper,
956 S.W.2d at 98; State v. Mayorga, 901 S.W.2d 943, 946 (1995) (quoting Ford
v. State, 538 S.W.2d 633, 635 (Tex. Crim. App. 1976)).  The duty of a
citizen is to submit to the arrest, legal or not, and later resolve the issue
in the due course of law. 

 

Tucker, 114 S.W.3d at 723. 

            We hold the trial court
did not err in denying Olin’s motion to suppress evidence and overrule his sole
issue. 

IV.  Conclusion

            We affirm the
convictions in cause numbers 13-10-064-CR and 13-10-065-CR.

 

 

 

DORI CONTRERAS GARZA

Justice

 

Do
not publish.

Tex. R. App. P.
47.2(b)

Delivered
and filed the

10th
day of March, 2011.









[1]
On January 13, 2011, this Court granted an agreed motion to consolidate
appellate cause numbers 13-10-00064-CR and 13-10-0065-CR.  





[2]
The videotape, State’s Exhibit 12, was admitted and played for the jury.  As
the prosecutor explained, the significance of the videotape is that it refutes
Floria’s claim that she was “thrown” into the police car.  We have reviewed
State’s Exhibit 12 and conclude that it does not reflect that Floria was
“thrown” into the police car.  At trial, Harrison Stafford, County Judge of
Jackson County, testified that he was presiding over a county commissioners’
court meeting on May 9, 2005 when Floria appeared to complain of her treatment
by the officers.  An audio recording of the commissioners’ court meeting and a
transcript of the audiotape were also admitted as evidence.  





[3]
We note that in a post-submission letter brief, Floria’s counsel contends “that
the standard announced by the Court of Criminal Appeals of Texas in Brooks is
overly rigid and does not apply when a violation of a federal right is
implicated.”  As an intermediate court of appeals, we are bound to follow the
precedent of the court of criminal appeals.  See Tex. Const. art. V, § 5(a); Purchase v. State, 84
S.W.3d 696, 701 (Tex. App.–Houston [1st Dist.] 2002, pet. ref’d).





[4]
We note that Floria also points to her testimony denying that she ran a stop
sign and that her brake light was out.  However, neither of her issues on
appeal challenge the legitimacy of the stop or her arrest.  Moreover, the jury
was free to believe Deputy Doelitsch’s version of events rather than Floria’s
version.  See Lancon v. State, 253 S.W.3d 699, 707 (Tex. Crim. App.
2008).





[5]
State’s Exhibit 1, a DVD recording of the events as recorded by Deputy
Doelitsch’s police vehicle recorder, was admitted and played for the jury. 
This Court also reviewed the DVD recording.





 

[6]
In his brief, Olin argues that “any evidence subsequently obtained by Deputy
Doelitsch due to the initial illegal detention of [Olin] is inadmissible and
should have been suppressed.”  In his motion to suppress, Olin argued that his
“statements” and “all things seized” after his detention and arrest were
inadmissible.  At trial, in arguing the motion to suppress, Olin’s counsel
argued that because there was no probable cause to detain Olin, his detention
was illegal, “and then anything, any sequelae [sic] after that, Your Honor, was
the result of an illegal detention.”  Because Olin was convicted of assaulting
Deputy Doelitsch, we will assume—as the State does—that Olin’s motion sought
the suppression of all evidence of his assault on Deputy Doelitsch.