

**IN THE**
**TENTH COURT OF APPEALS**

————————————

**No. 10-19-00286-CR**

**HORACIO AGUIRRE,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

————————————

**From the County Court at Law**
**Walker County, Texas**
**Trial Court No. 18-0499**

**OPINION**

Horacio Aguirre was convicted of resisting arrest and sentenced to 365 days in jail. *See* TEX. PENAL CODE § 38.03. His sentence was suspended, and Aguirre was placed on community supervision for 18 months. Because the trial court did not err in refusing Aguirre's requested article 38.23 instruction to the jury, the trial court's judgment is affirmed.

**BACKGROUND**

Aguirre and another person were standing by a pickup, drinking. There were many beer cans on the ground next to them. Sgt. Jeremy Carroll and Cpl. Cody Perkins

with the Huntsville Police Department were responding to a medical emergency in the area when they missed the location of the emergency and had to turn around. Upon turning around, Perkins saw the other person standing with Aguirre suspiciously lower his arm and drop something. Carroll told Perkins to go on to the call and he would stay to investigate what Perkins had seen. During the investigation, Carroll determined both persons to be intoxicated in public and attempted to arrest them. Carroll first handcuffed the other suspect with a plastic tie. Then, as Carroll attempted to place Aguirre in handcuffs, Aguirre yanked his arm forward. To gain control of the situation, Carroll took Aguirre down to the ground, where Aguirre tried to keep his arms under his body to avoid being placed in handcuffs. While Carroll was struggling with Aguirre, the other suspect ran away still handcuffed with a plastic tie. Aguirre was eventually handcuffed and charged with resisting arrest.

During trial, Aguirre suggested through cross-examination of Carroll that Aguirre was standing on private property during the encounter; and thus, the arrest was illegal. Carroll testified that he believed Aguirre to be standing in a public area, and no evidence was presented to the contrary.

**RESISTING ARREST AND ARTICLE 38.23**

In his sole issue, Aguirre complains that the trial court erred in refusing to include a requested Code of Criminal Procedure article 38.23 instruction, the statutory exclusionary rule, in the trial court's charge to the jury.

***Standard of Review***

If error exists in the jury charge, we analyze the harm, if any, resulting from the error. *See Price v. State*, 457 S.W.3d 437, 440 (Tex. Crim. App. 2015); *Almanza v. State*, 686

S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). If the error was preserved by objection, as it was in this case, any error that is not harmless will constitute reversible error. *Id.* The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Almanza*, 686 S.W.2d at 171.

*The Law*

A person commits the offense of resisting arrest if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another. TEX. PENAL CODE § 38.03(a). It is no defense to prosecution that the arrest or search was unlawful. *Id.* (b).

According to Texas' statutory exclusionary rule, no evidence "obtained by an officer in violation of … the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America," is admissible in trial against the accused. TEX. CODE CRIM. PROC. art. 38.23(a). Further, in any case where the evidence raises such an issue, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of article 38.23(a), the jury shall disregard that evidence. *See id.*

To be entitled to an Article 38.23(a) instruction, a defendant must show that (1) an issue of historical fact was raised in front of the jury; (2) the fact was contested by affirmative evidence at trial; and (3) the fact is material to the constitutional or statutory violation that the defendant has identified as rendering the particular evidence

inadmissible. *Robinson v. State*, 377 S.W.3d 712, 719 (Tex. Crim. App. 2012). Although evidence to justify an Article 38.23(a) instruction can derive "from any source," it must, in any event, raise a "factual dispute about how the evidence was obtained." *Id.*; *Garza v. State*, 126 S.W.3d 79, 85 (Tex. Crim. App. 2004). Where the issue raised by the evidence at trial does not involve controverted historical facts, but only the proper application of the law to undisputed facts, that issue is properly left to the determination of the trial court. *Robinson*, 377 S.W.3d at 719.

*Argument*

Aguirre argued at trial and argues on appeal that he was entitled to an article 38.23 jury instruction because the arrest which led him to resist was illegal. Aguirre does not point to an evidentiary and material factual dispute which would support his requested instruction. Rather, he claims that simply because he believed the arrest Carroll was trying to make was illegal, the jury should be instructed to disregard Aguirre's act of resisting. He relies on the Court of Criminal Appeals' opinion in *Ford v. State*, 538 S.W.2d 633 (Tex. Crim. App. 1976), for the proposition that a defendant is still entitled to use the exclusionary rule even though the legality of the arrest is not a defense to prosecution for resisting arrest. Thus, his argument continues, the jury should have been given the opportunity, through an article 38.23 instruction, to disregard Aguirre's act of resisting if the jury believed the arrest which he resisted was illegal. We disagree with Aguirre.

*Application*

Aguirre misunderstands the holding in *Ford*. The issue discussed in *Ford* was the constitutionality of the elimination of the common law right to resist an unlawful arrest pursuant to Texas Penal Code Section 38.03. To clarify why the Court held the statute

constitutional, the Court explained that by submitting to an unlawful arrest, the person was not giving up his remedy to argue *that* arrest was unlawful and anything obtained as a result of that unlawful arrest could be suppressed if otherwise appropriate to do so. The Court was not saying that if the person resisted arrest, he retained the remedy of suppression of evidence of resisting arrest on the theory that the initial arrest was unlawful.[1]

Under article 38.23, the phrase, "obtained in violation of the law," contemplates that a crime has been committed; that evidence of that crime exists; and that *officers* violated the law in attempting to obtain evidence of the previously committed crime. *State v. Mayorga*, 901 S.W.2d 943, 945-46 (Tex. Crim. App. 1995). Thus, the officers must act illegally in obtaining existing evidence of an offense. *Id*. at 946.

But, in the context of resisting arrest, as the Dallas Court of Appeals stated over 20 years ago:

> Unlike prior criminal acts to which a defendant confesses or evidence already in existence but found pursuant to a consent to search, evidence that a defendant resisted arrest does not exist before the illegal arrest because the crime of resisting arrest has not yet been committed. In fact, when a defendant submits to the arrest as the public policy and the law of this state require, there will be no such evidence. In contrast, when a defendant does resist at the time and place of arrest, the evidence of resistance comes into existence contemporaneously with the officer's attempt to arrest him. Because the evidence does not exist prior to the illegal arrest and may never exist, **the police cannot suspect its existence and arrest a defendant for the purpose of gaining the evidence**. The police correspondingly cannot foresee getting the evidence as a consequence of their actions; **their decision to arrest cannot be motivated by the possible**

---

[1] Moreover, *Ford* does not mandate that *all* evidence gathered by police after effecting an illegal arrest must be suppressed or that an instruction under article 38.23 must be given. *See Ford v. State*, 538 S.W.2d 633, 635 (Tex. Crim. App. 1976); *see also State v. Mayorga*, 938 S.W.2d 81, 85 (Tex. App.—Dallas 1996, no pet.). A defendant still must show entitlement to the instruction. *See e.g. State v. Mayorga*, 938 S.W.2d 81, 85 (Tex. App.—Dallas 1996, no pet.); *see also Robinson v. State*, 377 S.W.3d 712, 719 (Tex. Crim. App. 2012) (sets out requirements for entitlement to 38.23 instruction).

> *acquisition and use of the evidence. Absent other facts inculpating the police conduct, the evidence of resisting arrest simply does not come into existence at a time and place or under circumstances to be within the field of exploitation.*

*State v. Mayorga*, 876 S.W.2d 176, 178 (Tex. App.—Dallas 1994), *remanded*, 901 S.W.2d 943, 946 (Tex. Crim. App. 1995) (emphasis added). We agree with the Dallas Court of Appeals's interpretation of article 38.23 with respect to the offense of resisting arrest; and we note that other Texas courts have likewise applied that court's reasoning to offenses other than resisting arrest. *See e.g. Martinez v. State*, 91 S.W.3d 331, 340 (Tex. Crim. App. 2002) (commission of perjury after not being fully advised of right to remain silent, not subject to suppression); *Bryant v. State*, 253 S.W.3d 810, 813 (Tex. App.—Amarillo 2008, pet. dism'd) (exclusionary rule did not require suppression of the evidence of appellant's destruction of the glass pipe in the presence of the officers, regardless whether the pipe was located following an unlawful detention); *Bell v. State*, 233 S.W.3d 583, 588 (Tex. App.—Waco 2007, pet. ref'd untimely filed) (aggravated assault on public servant during illegal detention not subject to suppression); *Cooper v. State*, 956 S.W.2d 95, 98 (Tex. App.—Tyler 1997, pet. ref'd) (alleged illegality of the arrest was irrelevant to the crime of aggravated assault on a peace officer).

Thus, absent evidence that Sgt. Carroll engaged in an illegal act to exploit the allegedly illegal arrest of Aguirre for public intoxication, for example to gain evidence of another crime or to provoke Aguirre's resisting, the base allegation that the arrest was illegal, or that Aguirre thought it was illegal, or that it was in fact illegal, by itself, is not sufficient to require the trial court to provide the jury with an article 38.23 instruction in the trial for resisting arrest. Indeed, Aguirre has not pointed to any evidence in the record

of exploitation, and we have found none, which would require an article 38.23 instruction. Nor has Aguirre directed the Court to any evidence he believes was illegally obtained other than the evidence that he resisted arrest. But, as we have explained, that evidence was not illegally obtained. The evidence of resisting arrest was obtained lawfully during the course of Aguirre's arrest for public intoxication.[2] Consequently, Aguirre was not entitled to an article 38.23 instruction based on the argument he made to the trial court or to us on appeal.

**CONCLUSION**

Accordingly, for the reasons expressed, the trial court did not err in denying Aguirre's requested instruction, and Aguirre's sole issue is overruled.

The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed
Opinion delivered and filed October 28, 2020
Publish
[CR25]



---

[2] To give the instruction for the purpose and in the manner as argued by Aguirre would effectively nullify the very offense the legislature was creating—the purpose of which was to avoid altercations with the police in the streets to determine if an arrest was lawful. *See Ford v. State*, 538 S.W.2d 633, 635 (Tex. Crim. App. 1976) ("The line between an illegal and legal arrest is too fine to be determined in a street confrontation; it is a question to be decided by the courts."). As long as the arrestee submits to the arrest, the arrestee retains the rights described in *Ford*, including the right to have any evidence discovered as a result of the illegal arrest suppressed.