The STATE of Texas, Appellant,

v.

Haydee MAYORGA, Appellee.

No. 05–93–00704–CR.

Court of Appeals of Texas, Dallas.

Jan. 31, 1994.

Sharon F. Batjer, Dallas, for appellant.

Craig J. Jett, Dallas, for appellee.

Before BAKER, BURNETT and MORRIS, JJ.

## OPINION

MORRIS, Justice.

The State of Texas appeals the trial court's order sustaining Haydee Mayorga's motion to suppress evidence. The issue we must decide is whether evidence of a person resisting an unlawful arrest should be suppressed under either the federal or state exclusionary rule. Concluding under the facts of this case it should not, we will reverse the trial court's order.

Resisting arrest is against the law in Texas, even though the arrest might be illegal.[1] The State charged appellee with resisting arrest. Claiming the arrest she allegedly resisted was unsupported by probable cause and therefore illegal, appellee filed with the trial court a motion to suppress virtually all evidence tending to show she resisted arrest. Appellee asserted that this evidence should be suppressed under the federal exclusionary rule and article 38.23 of the Texas Code of Criminal Procedure because it was the product of an illegal arrest and was obtained in violation of the federal constitution, the Texas Constitution, and state law. We assume for the purpose of appeal, as both parties have done, that the police initially arrested appellee unlawfully.

■ The federal exclusionary rule and article 38.23 extend not only to evidence obtained as a direct result of an illegal seizure, but also to evidence obtained as an indirect result of an illegal seizure, descriptively known as the "fruit of the poisonous tree." *See Segura v. United States,* 468 U.S. 796, 804, 104 S.Ct. 3380, 3385, 82 L.Ed.2d 599 (1984); *Wong Sun v. United States,* 371 U.S. 471, 484, 83 S.Ct. 407, 415, 9 L.Ed.2d 441 (1963); *Walton v. State,* 827 S.W.2d 500, 503 (Tex.App.—Houston [1st Dist.] 1992, no pet.). In determining whether the evidence suppressed by the trial court was the fruit of appellee's illegal arrest, the critical issue we must decide is whether the evidence was gained by exploitation of that illegality. *See Wong Sun,* 371 U.S. at 488, 83 S.Ct. at 417–18. In resolving this issue, it is clear that not all evidence is gained by exploitation of an illegal arrest solely because it would not have been obtained *but for* the arrest. *See id.* at 487–88, 83 S.Ct. at 417–18. Consequently, merely because the evidence in this case would not exist except for appellee's illegal arrest does not automatically compel a conclusion that the police obtained the evidence by exploiting their misconduct. Given this, the answer to the question of whether the police impermissibly obtained the evidence in this case is revealed by contrasting the nature of the evidence of resistance with other evidence often obtained by police following an improper arrest.

■ Evidence that a defendant resisted an illegal arrest is different in character than other evidence possibly acquired in connection with an illegal arrest, such as a confession or evidence obtained pursuant to a consent to search. For example, when a defendant following an unlawful arrest confesses to committing a crime, the acts to which the defendant confesses obviously occurred at a time and place before the illegal arrest since the defendant has already committed the crime. Because evidence of a defendant's criminal acts exists before the illegal arrest, the evidence is susceptible to being discovered by the police.

---

1. Section 38.03 of the Texas Penal Code provides in relevant part:

   (a) A person commits an offense if he intentionally prevents or obstructs a person he knows is a peace officer or a person acting in a peace officer's presence and at his direction from effecting an arrest, search, or transportation of the actor or another by using force against the peace officer or another.

   (b) It is no defense to prosecution under this section that the arrest or search was unlawful. Tex.Penal Code Ann. § 38.03 (Vernon 1989 & Supp.1994).

A similar situation exists when the police obtain a defendant's consent to search after an illegal arrest. When a defendant's consent to search leads the police to discover a controlled substance, for example, the controlled substance itself together with the evidentiary fact that the defendant possessed it exists before the illegal arrest since the defendant has already committed the offense. Because this evidence exists before the illegal arrest, it is susceptible to being discovered by the police.

When evidence already exists, an arrest may become the mechanism by which the evidence is discovered. In effect, it is possible for the police to exploit or take advantage of an unlawful arrest to obtain the existing evidence. In some circumstances, the police may know about or suspect the existence of the evidence before an arrest is made. The police may even foresee the acquisition of the evidence will be a likely consequence of their actions. In these extreme circumstances, the likelihood that the evidence will be obtained may in turn become a motivation for the decision to arrest. Both the federal and state exclusionary rules serve to inhibit police misconduct by precluding the use against an accused of any evidence gained by exploitation of an illegal arrest. *See* TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon Supp. 1994); *United States v. Calandra*, 414 U.S. 338, 347, 94 S.Ct. 613, 619–20, 38 L.Ed.2d 561 (1974).

A different situation is presented when the evidence purportedly gained by exploitation of police misconduct is a defendant's actual conduct of resisting arrest. A defendant's conduct of resisting arrest is a separate offense occurring *after* the illegal arrest. Unlike prior criminal acts to which a defendant confesses or evidence already in existence but found pursuant to a consent to search, evidence that a defendant resisted arrest does not exist before the illegal arrest because the crime of resisting arrest has not yet been committed. In fact, when a defendant submits to the arrest as the public policy and the law of this state require, there will be no such evidence. In contrast, when a defendant does resist at the time and place of arrest, the evidence of resistance comes into existence contemporaneously with the officer's attempt to arrest him. Because the evidence does not exist prior to the illegal arrest and may never exist, the police cannot suspect its existence and arrest a defendant for the purpose of gaining the evidence. The police correspondingly cannot foresee getting the evidence as a consequence of their actions; their decision to arrest cannot be motivated by the possible acquisition and use of the evidence. Absent other facts inculpating the police conduct, the evidence of resisting arrest simply does not come into existence at a time and place or under circumstances to be within the field of exploitation.

■ In reviewing a trial court's decision on a motion to suppress evidence, we determine only whether the record supports the trial court's ruling and whether the trial court improperly applied the law to the facts. *See Romero v. State*, 800 S.W.2d 539, 543 (Tex.Crim.App.1990); *Segura v. State*, 826 S.W.2d 178, 181 (Tex.App.—Dallas 1992, pet. ref'd). Here, the evidence that appellee resisted the illegal arrest did not exist before the arrest occurred but arose at the moment the officer attempted to effect the arrest. Moreover, there is nothing in the record to indicate that the police either contrived the illegal arrest to induce appellant to resist arrest or acted purposefully to cause appellant to resist arrest. Because appellee's act of resistance, and consequently the distinct evidence of her resistance, did not exist before the illegal arrest nor was it the consequence of any police conduct purposely designed to elicit her resistance, it was not obtained through exploitation of the illegal arrest. Accordingly, because the evidence was not the product of the unlawful arrest, it was not obtained in violation of appellee's constitutional rights or state law. We hold the trial court erred in applying the federal exclusionary rule and article 38.23 to the facts of this case to suppress the challenged evidence.

We sustain the State's sole point of error, reverse the trial court's order, and remand the case for further proceedings consistent with this opinion. We express no opinion

about the legality of appellee's arrest nor the merits of the charged offense.