The STATE of Texas, Appellant,

v.

Haydee MAYORGA, Appellee.

No. 328–94.

Court of Criminal Appeals of Texas.

April 12, 1995.

Rehearing Denied May 17, 1995.

J. Craig Jett, Dallas County, for appellee.

John Vance, Dist. Atty. and Sharon Batjer, Asst. Dist. Atty., Dallas, for appellant.

Robert Huttash, State's Atty. and Matthew W. Paul, Asst. State's Atty., Austin, for State.

## OPINION ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appellee was charged with resisting arrest. The trial court granted the appellee's motion to suppress, and the State appealed the trial court's order. The Fifth Court of Appeals reversed and remanded the cause for further proceedings. *State v. Mayorga,* 876 S.W.2d 176 (Tex.App.—Dallas 1994). Appellee filed petition for discretionary review, contending in her sole ground for review that Tex.Code Crim.Proc.Ann. art. 38.23 requires suppression of evidence of resisting arrest when the defendant has been illegally arrested.

Evidence adduced at trial was that on July 20, 1991, appellee was involved in a minor traffic accident in front of her home. Officers Melvin Williams and Brian Hensley received information that there were outstanding warrants for appellee's arrest, and informed appellee that she would have to accompany them to the jail. Appellee began shouting and running towards her front door. When the officers attempted to stop her, she began swinging her arms and pulling away, and pushing at the officers. The officers were able to gain control of appellee and arrest her.

After appellee was transferred to the jail, the officers realized there were no outstanding warrants for appellee's arrest. The charges relating to the outstanding warrants were dropped, and appellee was charged with resisting arrest.

Appellee was tried by a jury in County Criminal Court No. 4, Dallas County, Texas. The jury was unable to reach a unanimous verdict, and the case was retried. Prior to the second trial, appellee filed a motion to suppress, seeking to suppress the following:

A. "All statements made, whether oral or written, and such other actions of the defendant, if any, at the time of and subsequent to the stop, arrest and search of the defendant."

B. "Testimony of law enforcement officers, or their agents and all other persons working in connection with such officers and agents, and all persons present at or near the location of the arrest and search of the defendant in regard to any of the statements or evidence acquired as set forth in paragraph A above."

The trial court granted appellee's motion to suppress, finding that appellee's arrest was unlawful, and ordered suppression of the fruits of appellee's arrest. The court of appeals reversed the trial court's suppression ruling, and appellee appeals this decision.

█ Appellee contends that the evidence of her resisting arrest was obtained in violation of Tex.Code Crim.Proc.Ann. art. 38.23 [1], and therefore must be suppressed. The court of appeals found the evidence admissible, reasoning that the evidence sought to be suppressed was not obtained through exploitation of the illegal arrest as it did not exist prior to the officers' illegal conduct and was not the consequence of police conduct purposely designed to elicit her resistance. Appellee argues the court of appeals, by so holding, has incorrectly created an exception to art. 38.23.

█ At the outset, we note that resisting arrest is unlawful in Texas [2], and it is no defense to prosecution that the arrest or search was unlawful.[3] We adhere to our reasoning in *Barnett v. State*, 615 S.W.2d 220, 223 (Tex.Cr.App.1981), *appeal dismissed*, 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981); citing *Ford v. State*, 538 S.W.2d 633, 635 (Tex.Cr.App.1976), when we stated:

> "Several states have eliminated either by statute or by judicial decision the common law right to resist an unlawful arrest. This reflects a growing realization that the use of self-help to prevent an unlawful arrest presents too great a threat to the safety of individuals and society to be sanctioned. The line between an illegal and legal arrest is too fine to be determined in a street confrontation; it is a question to be decided by the courts. By limiting the common law right to resist an unlawful arrest, the Legislature has not limited the remedies available to the person arrested. He or she may still take advantage of the right to bond, to appointed counsel if indigent, to prompt arraignment and determination of probable cause, to the exclusionary rule and to civil remedies against the offending policeman. The State has not increased the deprivation of liberty suffered upon arrest by the abolition of the common law right to resist an unlawful arrest. We hold that Section 38.03, supra, is a valid exercise of the police power and does not violate the United States or Texas Constitution."

*Barnett v. State, id.; Ford v. State, id.* We note that the court of appeals did not mention *Barnett* or *Ford* in their opinion, although appellee and the State cited these cases in their briefs.

Furthermore, *Barnett* and *Ford* notwithstanding, it appears that the exclusionary rule is inapplicable to the facts of this case. In *Arizona v. Evans*, —— U.S. ——, ——, 115 S.Ct. 1185, 1188, 131 L.Ed.2d 34 (1995), the Supreme Court held that the exclusionary rule does not apply in cases in which an arresting officer is reasonably acting upon information provided to him which is later found to be erroneous. We realize that the court of appeals did not have the benefit of *Arizona v. Evans* when the instant case was before it.

█ Similarly, this Court, in *Brick v. State*, 738 S.W.2d 676, 679 n. 5 (Tex.Cr.App. 1987), *cert. denied*, 498 U.S. 818, 111 S.Ct. 63, 112 L.Ed.2d 38 (1990), explained that exclusion in Texas under art. 38.23 is intended "to deter unlawful conduct on the part of law enforcement personnel and to close the doors of our courts to illegally obtained evidence." If the evidence is not "obtained" in violation of the law, then its admission into evidence is not in contravention of art. 38.23. *Johnson v. State*, 871 S.W.2d 744, 751 (Tex.Cr.App. 1994).

As the court of appeals recognized below, "obtained in violation of the law" under art. 38.23 contemplates that a crime has been

---

1. Hereafter "art. 38.23," this provision states: No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case. . . .

2. Tex.Penal Code Ann. § 38.03(a)

3. Tex.Penal Code Ann. § 38.03(b).

committed; that evidence of that crime exists; and that officers violate the law in attempting to obtain evidence of the previously committed crime. Thus, the officers must act illegally in obtaining existing evidence of an offense. The court of appeals explained:

> ... Unlike prior criminal acts to which a defendant confesses or evidence already in existence but found pursuant to a consent to search, evidence that a defendant resisted arrest does not exist before the illegal arrest because the crime of resisting arrest has not yet been committed. In fact, when a defendant submits to the arrest as the public policy and the law of this state require, there will be no such evidence. In contrast, when a defendant does resist at the time and place of arrest, the evidence of resistance comes into existence contemporaneously with the officer's attempt to arrest him. Because the evidence does not exist prior to the illegal arrest and may never exist, the police cannot suspect its existence and arrest a defendant for the purpose of gaining the evidence. The police correspondingly cannot foresee getting the evidence as a consequence of their actions; their decision to arrest cannot be motivated by the possible acquisition and use of the evidence. Absent other facts inculpating the police conduct, the evidence of resisting arrest simply does not come into existence at a time and place or under circumstances to be within the field of exploitation. *State v. Mayorga*, 876 S.W.2d at 178.

Therefore, where the officers, as in the instant case, arrest a person based on objectively reasonable information, and that person resists the arrest, the evidence of the resistance is not obtained in violation of the law as art. 38.23 contemplates, and therefore, the exclusionary rule is not applicable. Excluding the evidence in a case such as this would have no other result than to stymie a police officer in carrying out his duties in the future. We agree with the court of appeals, and conclude the trial court erred in applying the federal exclusionary rule and art. 38.23 to the facts of this case to suppress the evidence of appellee's resisting arrest.

However, because the court of appeals did not address *Ford* or *Barnett*, and because the court did not have the benefit of *Arizona v. Evans* at the time of its decision, we remand the cause to the court of appeals for consideration in light of these opinions.

CLINTON and OVERSTREET, JJ., concur in the result.

BAIRD, J., joins only the final paragraph of this opinion believing the remainder to be dicta.

MEYERS, J., joins this note.

KELLER, J., not participating.