Affirmed and Memorandum Opinion filed June 19, 2003
















Affirmed and
Memorandum Opinion filed June 19, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO.
14-02-00664-CR

_______________

 

MADALYN SANDRA
VALDEZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

____________________________________________________

 

On Appeal from the County Criminal Court at Law No. 2

Harris County, Texas

Trial Court Cause No. 1094879

____________________________________________________

 

M E M O R A N
D U M   O P I N I O N

 

            Madalyn
Sandra Valdez appeals a conviction for resisting arrest[1] on the
grounds that: (1) the trial court erred in failing to grant her motion to
suppress evidence; (2) the evidence is legally insufficient to show that she
resisted arrest; and (3) the trial court erred in refusing to charge the jury
with special instructions concerning the legality of the arrest.  We affirm.




                                                            Motion to Suppress

            Appellant’s first issue argues that
the trial court erred in failing to grant her motion to suppress evidence.  However, because appellant has not cited, and
we have not found, any portion of the record at which appellant ever presented
or obtained a ruling on this motion,[2] her first
issue presents nothing for our review and is overruled.  See
Tex. R. App. P. 33.1(a).

                                                         Sufficiency of Evidence

            Appellant’s second issue contends
that the evidence is legally insufficient[3] to
prove  that she resisted arrest because:
(1) she was already under arrest when her alleged assault on the police officer
occurred; (2) the officer did not tell appellant she was being placed under
arrest; (3) there was no indication of what offense appellant was being
arrested for; and (4) there was no evidence that the officer suffered any
injury or pain.

            When reviewing legal sufficiency, we
view the evidence in the light most favorable to the verdict and determine
whether a rational trier of fact could have found the
elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307,
318-19 (1979); Swearingen v. State,
101 S.W.3d 89, 95 (Tex. Crim. App. 2003).  A
person commits the offense of resisting arrest if he intentionally obstructs a
person he knows is a peace officer from effecting an arrest by using force
against the officer.  See Tex.
Pen. Code Ann. § 38.03(a) (Vernon 2003).[4]  The force must be used after the arrest
begins and before it ends.  See Lewis v. State, 30 S.W.3d 510, 512 (Tex.
App.—Amarillo 2000, no pet.).  An arrest
is complete when a person’s liberty of movement is successfully restrained,
whether by an officer’s physical force or the suspect’s submission to the
officer’s authority.  Medford v. State, 13 S.W.3d 769, 773 (Tex. Crim. App. 2000).

            In this case, appellant first
kicked, hit, and pulled a police officer while the officer was attempting to
arrest appellant’s neighbor for evading arrest. 
When the officer then attempted to arrest appellant for interfering with
the neighbor’s arrest, appellant pushed, kicked, and hit him to prevent him
from handcuffing her.  A second officer
was needed to subdue appellant.  From
this evidence, a rational trier of fact could have
readily found that appellant intentionally obstructed the officer from
arresting her by using force against him, as alleged in her indictment.  Therefore, the evidence is legally sufficient
to support appellant’s conviction for resisting arrest, and her second issue is
overruled.

                                                              Jury Instructions

            Appellant’s third issue argues that
the trial court erred in denying her two article 38.23 jury instructions on the
legality of her arrest because the evidence raised a fact issue whether the
officer entered her neighbor’s house without consent and arrested her without
probable cause.

            If an issue is raised whether
evidence has been obtained illegally, article 38.23 requires the jury to be
instructed that if it believes that, or has a reasonable doubt whether,
evidence has been obtained illegally, the jury shall disregard the evidence.  Tex. Code Crim.
Proc. Ann. art. 38.23(a) (Vernon Supp.
2003).  By contrast, each of appellant’s
two requested instructions would have instructed the jury to find appellant not guilty if it found, or had a
reasonable doubt, that the evidence was illegally obtained.  Article 38.23 provides no authority for such
an instruction on guilt.  Moreover,
because the illegality of an arrest is not an element of, or a defense to, the
offense of resisting arrest,[5]
appellant’s instructions would have been incorrect under the law governing the
offense as well.  Therefore, appellant
was not entitled to submission of the jury instructions she requested, her
third issue is overruled, and the judgment of the trial court is affirmed.

 

                                                                                    

                                                                        /s/        Richard H. Edelman

                                                                                    Justice

 

Judgment rendered and Memorandum
Opinion filed June 19,
 2003.

Panel consists of Chief Justice
Brister and Justices Fowler and Edelman.

Do Not Publish — Tex. R. App. P. 47.2(b).

 

 











[1]           A jury found appellant guilty, and
the trial court assessed punishment at one year confinement, suspended the
sentence, and placed appellant on community supervision for two years.





[2]           Although appellant’s brief
indicates that the motion was denied at Reporter’s Record Vol. 1, p. 85, that
page does not pertain to the motion.





[3]           Although the heading to appellant’s
second issue states that it is a factual
sufficiency challenge, the body of the discussion under that heading presents
only a legal sufficiency challenge. 
Therefore, we will address the legal sufficiency challenge set forth in
the discussion rather than the unsupported factual sufficiency challenge
alluded to in the heading.





[4]           Because appellant cites no
authority establishing that the elements she asserts are part of the offense of
resisting arrest, we do not address the sufficiency of the evidence to prove
whether (1) the officer told her she was under arrest; (2) there was any
indication of what she was being arrested for; or (3) the officer suffered any
pain or injury.





[5]           See Tex. Pen. Code Ann. § 38.03(b) (Vernon 2003); State v. Mayorga, 901 S.W.2d 943, 945
(Tex. Crim. App. 1995).  The legality of an arrest is to be determined
by a court rather than the use of self-help. 
See Mayorga, 901 S.W.2d at 945.  Nor would appellant have been entitled to a
correct article 38.23 instruction because evidence of resisting arrest is not
obtained illegally, even in an unlawful arrest, if the arrest is based on
objectively reasonable information.  See id. at 946.