IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1400-03






CAROL B. PHILLIPS, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRTEENTH COURT OF APPEALS


FORT BEND COUNTY





 Keller, P.J., filed a concurring opinion.





 I would hold that there was no Article 38.23 violation, regardless of the legality of the minor
complainant's conduct in this case. In my concurring opinion in Chavez v. State, I concluded that
"in order for an illegal act to render evidence inadmissible under Texas Code of Criminal Procedure,
Article 38.23, that act must be subsequent to and separate from the illegal act that is the subject of
the prosecution." (1) In reaching this conclusion, I discussed Mayorga v. State (2) and dictionary
definitions of the word "obtain." (3) From these sources, I determined that evidence is "obtained" only
if that evidence is in existence before the act of "obtaining." (4) Because the evidence in this case
(videotape of serving alcoholic beverages) was created after the allegedly illegal entry onto the
property, it was not "obtained" in violation of the trespass law. 

 Even if "trespass" were considered to be a continuing offense, occurring so long as the minor
complainant occupied the premises, this evidence would still fall short of being "obtained" because
its creation would be contemporaneous with the allegedly illegal conduct. And any continued
trespass occurring after the sale of alcohol would fail to invoke Article 38.23 because that conduct
would have nothing to do with the acquisition of the evidence. 

 With these comments, I concur in the Court's judgment.

 Keller, Presiding Judge

Date filed: April 27, 2005

Publish

 
1. 9 S.W.3d 817, 820 (Tex. Crim. App. 2000).
2. 901 S.W.2d 943 (Tex. Crim. App. 1995)(plurality opinion). 
3. Chavez, 9 S.W.3d at 820-821.
4. Id.