Opinion filed October 2, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed October 2,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-07-00093-CR 

                                                    __________

 

                        ANTHONY LATWONE THOMPSON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 244th District Court

 

                                                           Ector
County, Texas

 

                                                 Trial
Court Cause No. C-33,059

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Anthony Latwone Thompson of possessing a controlled substance in
a correctional facility.  Upon appellant=s
plea of true to the enhancement allegations,[1]
the trial court assessed punishment at confinement for thirty-two years.  We
modify and affirm.  








Appellant
presents three issues for review.  In the first issue, he complains of the
dismissal of a potential juror for cause.  In the second issue, appellant
contends that the evidence was gained as a result of an illegal arrest.  In his
final issue, appellant challenges the legal and factual sufficiency of the
evidence.  

Appellant
asserts that the trial court applied the wrong legal standard and abused its
discretion when, over appellant=s
objection, it sustained the State=s
challenge for cause of Veniremember Regina McGee.  McGee had expressed concerns
about her ability to fairly judge the facts in this case because of prior
experiences with law enforcement, namely her brother.  McGee stated that her
sister was sent to the federal penitentiary after her brother, who was an
Odessa police officer, turned her in.  McGee stated, AI know my brother and he=s a police officer and I
don=t believe that he
should be.@  During
subsequent questioning by the prosecutor, McGee stated that she had bad
feelings about some B
but not all B police
officers and that she believed her feelings would affect her thought processes
as a juror.  Upon being questioned by defense counsel, McGee then stated that
she could follow the instructions and base her verdict on the evidence in this
case.  The court, noticing that McGee was Astruggling
with the answer@ to
defense counsel=s
question, informed McGee that the jurors would be instructed that personal
experiences cannot be considered or shared with fellow jurors while
deliberating.  The court then asked, ANow,
knowing that, if you were instructed, would the -- the experience that you have
had in the past involving your brother and your sister, would that affect you
in arriving at a verdict in this case?@ 
McGee answered, AIn
this particular case, yes, I do believe so and the circumstances . . .
[b]ecause it was drug related.@








The
appropriate analysis to be used by a trial court in ruling on the
qualifications of a potential juror is whether that person=s views would prevent or
substantially impair his duties as a juror to act in accordance with the trial
court=s instructions
and the oaths taken by a juror.  Kemp v. State, 846 S.W.2d 289, 295
(Tex. Crim. App. 1992).  To review a trial court=s
ruling sustaining a challenge for cause, an appellate court must determine
whether the totality of the voir dire testimony supports the implied finding of
fact that the prospective juror is unable to take the requisite oath and to
follow the law as given by the trial court.  Vuong v. State, 830 S.W.2d
929, 943 (Tex. Crim. App. 1992).  An appellant complaining of an erroneously
excluded juror must demonstrate that the trial court either applied the wrong
legal standard or otherwise abused its discretion in sustaining the challenge for
cause.  Id.  

Appellant
correctly states that a person cannot be expected to put aside all personal
experiences in their service as a juror.  See Jones v. State, 982 S.W.2d
386, 389 (Tex. Crim. App. 1998) (stating that jurors need not be completely
impartial and free of any trace of skepticism toward any category of witness
and that jurors cannot be expected to completely remove their own experiences,
beliefs, and values).  A veniremember is not challengeable for cause simply
because he would be more skeptical of a certain category of witness than of
witnesses generally; however, when a veniremember cannot Aimpartially judge the
credibility of the witnesses,@
he is challengeable for cause.  Id. (quoting Hernandez v. State,
563 S.W.2d 947, 950 (Tex. Crim. App. 1978) (holding that veniremember who
believed that police officers would always tell the truth should have been
excused for cause)).  In Jones, after concluding that the trial court
had applied the wrong legal standard in granting the State=s challenge for cause, the
Court of Criminal Appeals determined that the error was not of constitutional
dimension and that Athe
erroneous excusing of a veniremember will call for reversal only if the record
shows that the error deprived the defendant of a lawfully constituted jury.@  Id. at 391-92,
394; see Tex. R. App. P.
44.2(b).  The record in this case does not show that appellant was deprived of
a lawfully constituted or impartial jury but, rather, that he was tried by a
duly qualified and impaneled jury.  Consequently, even if the trial court
abused its discretion or applied the wrong legal standard in dismissing McGee,
we cannot sustain appellant=s
issue because the error, if any, is not reversible.  Appellant=s first issue is overruled. 


In
his second issue, appellant argues that the evidence used against him should
have been suppressed because it was obtained as a result of an illegal arrest. 
Appellant contends that his arrest was illegal because he had previously been
arrested and released on bond pursuant to the same warrant upon which he was
arrested in this case.

The
record shows that Officer Matt Davidson stopped appellant for driving at night
with no lights on.  During the traffic stop, dispatch notified Officer Davidson
that appellant had an outstanding out-of-state warrant from Illinois.  At
trial, appellant produced evidence that he had been arrested and released on
bond pursuant to the same warrant one month prior to the stop by Officer
Davidson.








The
trial court admitted the evidence under the good faith exception to the
exclusionary rule because the warrant check indicated that appellant had an
outstanding warrant for his arrest.  See Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005)
(exclusionary rule and good faith exception).  We agree.  The exclusionary rule
does not apply in cases in which an arresting officer is reasonably acting upon
information provided to him even if that information is later determined to be
erroneous.  Arizona v. Evans, 514 U.S. 1 (1995); State v. Mayorga,
901 S.W.2d 943, 945 (Tex. Crim. App. 1995); see also Article 38.23(b); Dunn
v. State, 951 S.W.2d 478, 479 (Tex. Crim. App. 1997).  Officer Davidson was
acting in objective, good faith reliance upon dispatch=s information that an outstanding arrest
warrant existed.  Thus, the evidence was properly admitted.  Appellant=s second issue is
overruled.  

In
the third issue, appellant challenges both the legal and factual sufficiency of
the evidence regarding his possession of the cocaine.  We will apply the
well-recognized standards of review for sufficiency challenges.  To determine
if the evidence is legally sufficient, we must review all of the evidence in the
light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307 (1979); Jackson v. State,
17 S.W.3d 664 (Tex. Crim. App. 2000).  To determine if the evidence is
factually sufficient, we must review all of the evidence in a neutral light and
determine whether the evidence supporting the verdict is so weak that the
verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence.  Watson
v. State, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006); Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  We must give due deference to the
jury=s determinations
of fact, particularly those determinations concerning the weight and
credibility of the evidence.  Johnson v. State, 23 S.W.3d 1, 8-9 (Tex.
Crim. App. 2000).  








The
record shows that Officer Davidson arrested appellant and took him to the
county jail.  A few hours after appellant was booked in, jailers were notified
by another inmate that appellant had cocaine in his possession.  The jailers
then removed appellant from the holding tank and took him to a small cool-off
cell to conduct a more thorough search of his person.  All three jailers
testified that a small baggie was discovered in one of appellant=s socks.  The baggie
contained .68 grams of cocaine.  The jailers=
testimony differed as to which sock the baggie fell out of and as to whether
the baggie fell out when appellant took off the sock, when appellant shook the
sock, or while a jailer was searching the sock.  Appellant testified that the
baggie was not his and that, during the search in the cool-off cell, the
jailers just Aall of
the sudden@ said they
found a baggie on the floor.

We
hold that the evidence is both legally and factually sufficient to support
appellant=s conviction
for possessing a controlled substance in a correctional facility.  Despite the
minor inconsistencies in their testimony, all three jailers were consistent in
testifying that appellant possessed the baggie in jail and that it had been
located in one of appellant=s
socks.  The third issue is overruled.  

The
judgment of the trial court is modified to reflect that appellant pleaded true
to both enhancement allegations and that the trial court found both to be
true.  As modified, the judgment is affirmed.

 

 

JIM R. WRIGHT

CHIEF JUSTICE

 

October 2, 2008

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]We note that the judgment inaccurately reflects that a
plea and finding on the second enhancement allegation was not applicable;
however, the record reflects that appellant pleaded true to both enhancement
allegations, that the trial court accepted these pleas, and that appellant was
properly instructed as to the 25-year minimum punishment for habitual
offenders.