

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00419-CR

EDWARD CHARLES KELLY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-13H-080, Honorable Roland D. Saul, Presiding

May 29, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Edward Charles Kelly appeals his conviction for assaulting a public servant. Via this appeal, he challenges the trial court's denial of his motion to suppress. Allegedly, he was the victim of an illegal traffic stop. During that stop, the deputy discovered that there was an outstanding warrant for appellant's arrest. When effort was made to enforce that warrant, appellant attempted to flee. That resulted in a physical altercation between appellant and the deputy. That physical altercation gave rise to the charge for which appellant was convicted. Appellant argues that because the initial stop was illegal, evidence of the ensuing altercation should have been suppressed. We affirm the judgment.

We begin our analysis by referring to our opinion in *Bryant v. State*, 253 S.W.2d 810 (Tex. App.—Amarillo 2008, pet. dism'd). Therein, we held that "a person who is stopped or detained illegally is not immunized from prosecution for crimes committed during his detention period." *Id.* at 812; *see also Coleman v. State*, No. 07-11-00305-CR, 2012 Tex. App. LEXIS 3984, at *4-5 (Tex. App.—Amarillo May 15, 2012, pet. ref'd) (not designated for publication) (stating the same). Next, we refer to our opinion in *Badilla v. State*, No. 07-07-00081-CR, 2009 Tex. App. LEXIS 1465 (Tex. App.—Amarillo February 20, 2009, no pet.) (not designated for publication) wherein we said that "prosecution for assault on a public servant during the course of the arrest does not depend on the arrest's lawfulness." *Id.* at *11. To that, we add the opinion of our Court of Criminal Appeals in *State v. Mayorga,* 901 S.W.2d 943 (Tex. Crim. App. 1995), wherein the court recognized that "it is no defense to prosecution [for resisting arrest] that the arrest or search was unlawful." *Id.* at 945.

Combined, the foregoing precedent requires us to conclude that even if the stop of appellant was illegal, appellant remained subject to prosecution for assaulting the deputy. Moreover, the evidence of that assault was not subject to suppression because it did not exist at the time of the initial stop. *Cooper v. State*. 956 S.W.2d 95, 98 (Tex. App.—Tyler 1997, pet. ref'd); *accord Bryant v. State*, 253 S.W.3d at 812 (applying the same rationale when the glass pipe was destroyed after the detention began).

We overrule appellant's sole issue and affirm the judgment.

Brian Quinn
Chief Justice

Do not publish.