PD-1000-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/4/2015 3:23:58 PM
Accepted 8/6/2015 2:14:26 PM
ABEL ACOSTA
CLERK

No. _____

# COURT OF CRIMINAL APPEALS
# OF TEXAS

**The State of Texas,**
Appellant

FILED IN
COURT OF CRIMINAL APPEALS

August 6, 2015

ABEL ACOSTA, CLERK

v.

**Lawrence Clark Sandlin**

from the Court of Appeals for the
Fifth Judicial District at Dallas

05-14-00072-CR

_____

## STATE'S PETITION FOR DISCRETIONARY REVIEW

_____

An appeal from the 416th Judicial District Court, Collin County, Texas
The Honorable Chris Oldner, Judge Presiding

**Greg Willis**
Criminal District Attorney
Collin County, Texas

**John R. Rolater, Jr.**
Chief of the Appellate Division

**Emily Johnson-Liu**
Assistant Criminal District Attorney
2100 Bloomdale Rd., Suite 200
McKinney, TX 75071
State Bar No. 24032600
(972) 548-4323  FAX (214) 491-4860
ejohnson-liu@co.collin.tx.us

## Identity of Judge, Parties, and Counsel

Trial Court...........................**THE HONORABLE CHRIS OLDNER**

Presiding Judge
416th District Court
Collin County, TX

Appellant .............................**THE STATE OF TEXAS**

**Greg Willis**
District Attorney

**Matt Rolston**
(Former) Assistant District Attorney
TRIAL COUNSEL

**Emily Johnson-Liu**
Assistant District Attorney
APPELLATE COUNSEL
Collin County District Attorney's Office
2100 Bloomdale Rd., Suite 200
McKinney, Texas 75071

Appellee ...............................**LAWRENCE CLARK SANDLIN**

**John Gioffredi**
4131 N. Central Expressway, Ste 680
Dallas, Texas 75204
TRIAL COUNSEL

**Jerry D. Kelly**
4131 N. Central Expressway, Ste 110
Dallas, Texas 75204
APPELLATE COUNSEL

# Table of Contents

Identity of Judge, Parties, and Counsel ....................................................i

Index of Authorities...........................................................................iv

Statement Regarding Oral Argument ....................................................1

Statement of the Case ........................................................................1

Statement of Procedural History ...........................................................1

Grounds for Review ............................................................................2

Issue One

> An officer's reliance on the mandatory blood-draw provision for DWIs with a child passenger (Transp. Code § 724.012(b)(2)) was reasonable under the Fourth Amendment and did not require suppression of the blood-test results. (RR 5-25)

Issue Two

> Given that a motion for rehearing was and still is pending in *State v. Villarreal* and thus *Villarreal* does not have the status of law, the court of appeals erred in treating *Villarreal* as dictating the result in the instant case.

The Facts and Issues Argued Below......................................................2

Argument..........................................................................................6

I.  The blood results should not have been suppressed..........................6

    A. Reasonable under the Fourth Amendment ...................................6

    B. Sanction of exclusion is not warranted.......................................7

II. The court of appeals should not have given *Villarreal* the weight of controlling authority .................................................... 10

Prayer for Relief ................................................................................. 13

Certificate of Service ........................................................................ 13

Certificate of Compliance .................................................................. 13

Appendix: Opinion of the Court of Appeals

# Index of Authorities

**Cases**

*Cole v. State*, No. PD-0077-15
(granted Apr. 22, 2015)................................................................... 7,9,10

*Davis v. United States*, 131 S. Ct. 2419
(2011)........................................................................................................ 8

*Holidy v. State*, No. PD-0622-14
(granted Aug. 20, 2014) ........................................................................ 6

*Illinois v. Krull*, 480 U.S. 340
(1987)........................................................................................................ 7

*Karenev v. State*, 281 S.W.3d 428
(Tex. Crim. App. 2009)........................................................................ 7

*Lloyd v. State*, 453 S.W.3d 544
(Tex. App.—Dallas 2014, pet. ref'd) ................................................ 5,10

*Missouri v. McNeely*, 133 S. Ct. 1552
(2013)................................................................................................... 1, 3

*Reeder v. State*, No. 0601-14
(granted Aug. 20, 2014) ........................................................................ 6

*State v. Mayorga*, 876 S.W.2d 176
(Tex. App.—Dallas 1994), aff'd, 901 S.W.2d 943................................... 9

*State v. Mayorga*, 901 S.W.2d 943
(Tex. Crim. App. 1995)........................................................................ 9

*State v. Mazuca*, 375 S.W.3d 294
(Tex. Crim. App. 2012)........................................................................ 9

*State v. Sandlin*, No. 05-14-00072-CR, 2015 WL 294660
(Tex. App.—Dallas Jan. 22, 2015
(not designated for publication) ....................................................... 1, 4, 5

*State v. Smith*, No. PD-1615-14
  (granted Feb. 11, 2015) .......................................................... 7

*State v. Villarreal*, PD-0306-14, 2014 WL 6734178
  (Tex. Crim. App. Nov. 26, 2014), *reh'g granted* (Feb. 25, 2015) ......... 4, 5

*Wong Sun v. United States*, 371 U.S. 471
  (1963) ..................................................................................... 9

*Yeager v. State*, 727 S.W.2d 280
  (Tex. Crim. App. 1987) .................................................... 10,11

**Statutes, Codes, and Rules**

Tex. Code Crim. Proc. art. 38.23 .............................................. 8

Tex. Penal Code § 49.045 ..................................................... 1, 3

Tex. Transp. Code § 724.012(b) ..................................... 2,3,5,6,7

Tex. R. App. P. 66.3(b) ............................................................ 6

Tex. R. App. P. 66.3(f) .......................................................... 10

Tex. R. App. P. 68.2(a) ............................................................ 1

To the Honorable Court of Criminal Appeals of Texas:

## Statement Regarding Oral Argument

The State does not request argument.

## Statement of the Case

Lawrence Sandlin was indicted for DWI with a child passenger. CR 7; Tex. Penal Code § 49.045. Sandlin filed a motion to suppress the results of his blood test based on *Missouri v. McNeely*, 133 S. Ct. 1552 (2013). CR 17-19. The trial court granted the motion, and the State appealed. CR 20.

## Statement of Procedural History

The court of appeals handed down its opinion on January 22, 2015. *State v. Sandlin*, No. 05-14-00072-CR, 2015 WL 294660 (Tex. App.—Dallas Jan. 22, 2015) (not designated for publication). The State timely filed a motion for rehearing on February 6, 2015, which was denied July 14, 2015. This petition is thus timely filed on or before August 13, 2015. Tex. R. App. P. 68.2(a).

## Grounds for Review

### Issue One

**An officer's reliance on the mandatory blood-draw provision for DWIs with a child passenger (Transp. Code § 724.012(b)(2)) was reasonable under the Fourth Amendment and did not require suppression of the blood-test results. (RR 5-25)**

### Issue Two

**Given that a motion for rehearing was still pending in *State v. Villarreal* and thus *Villarreal* did not have the status of law, the court of appeals erred in treating *Villarreal* as dictating the result in the instant case.**

## The Facts and Issues Argued Below

### I.  The offense

In June 2012—nine months before the Supreme Court's April 2013 decision in *Missouri v. McNeely*—Officer Roger Smith pulled Lawrence Sandlin over for making an unsafe lane change that forced the police officer out of his lane. RR 5-8. Sandlin, who was driving a Mini Cooper, had his 8-year-old daughter with him in the car and admitted he had been drinking alcohol. RR 9, 11. Based on Sandlin's performance on the standard battery of field sobriety tests, Officer

Smith arrested Sandlin for DWI with a child passenger under Penal Code § 49.045. RR 10-11.

Sandlin refused the officer's request to voluntarily provide a breath or blood specimen. RR 12. Relying solely on Transportation Code § 724.012(b)(2), which mandates a blood draw when a suspect is arrested for DWI with a child passenger, Officer Smith directed a nurse to take a sample of Sandlin's blood. RR 13, 15, 17.

## II. The trial court

Sandlin moved to suppress his blood-test results under *Missouri v. McNeely*, 133 S. Ct. 1552 (2013). CR 17-19. At the suppression hearing, Sandlin's counsel admitted that Officer Smith's actions were "completely understandable." RR 18. After all, the officer was relying on a statute which, at the time, had not yet "come into question." RR 15, 18. Nevertheless, Sandlin argued that *McNeely* required suppression of warrantless blood draws conducted under the statute. RR 18-19. The prosecutor took the opposite position, arguing that Texas's implied consent law in Transportation Code chapter 724 authorized the blood draw despite *McNeely*. RR 19-20. The trial judge sided with Sandlin and explained that he was "troubled" by the argument that implied consent

3

could override a suspect's express refusal. RR 21, 23-25. The State appealed.

## III.  The court of appeals

In its brief to the Fifth District Court of Appeals in Dallas, the State argued that Sandlin's warrantless blood draw was justified under the Fourth Amendment because Sandlin, like any other driver, had given his implicit but irrevocable consent under a statutory framework that legitimately aimed to protect the public from the carnage caused by drunk drivers.

While the instant case was still pending in the Dallas court, this Court issued its original opinion in *Villarreal*. *State v. Villarreal*, PD-0306-14, 2014 WL 6734178, at *11 (Tex. Crim. App. Nov. 26, 2014), *reh'g granted* (Feb. 25, 2015). Although *Villarreal* was not yet final and a motion for rehearing had been filed in *Villarreal*,[1] the Fifth Court of Appeals issued its opinion in the instant case, relying on *Villarreal* to affirm the suppression of the blood results. *Sandlin*, 2015 WL 294660. The Dallas court quoted *Villarreal* at length in disposing of the State's complaint on appeal:

---

[1] The State filed a motion for rehearing in *Villarreal* in December 2014.

4

In this case, the State argues that Sandlin gave implied consent to provide a breath or blood specimen which was irrevocable under section 724.012(b) of Texas Transportation Code because he had a child passenger in the vehicle with him. In *Villarreal,* however, the Texas Court of Criminal Appeals specifically rejected this argument:

> To the extent the State suggests that the implied-consent and mandatory-blood-draw provisions in the Transportation Code categorically extinguish a DWI suspect's right to withdraw consent when some aggravating circumstance is present, that suggestion cannot be squared with the requirement that, to be valid for Fourth Amendment purposes, consent must be freely and voluntarily given based on the totality of the circumstances, and must not have been revoked or withdrawn at the time of the search. In other words, implied consent that has been withdrawn or revoked by a suspect cannot serve as a substitute for the free and voluntary consent that the Fourth Amendment requires.

*Id.* at *11 (internal citations omitted); *Lloyd v. State,* No. 05–13–01004–CV, 2014 WL 7249747, at *3 (Tex.App.—Dallas Dec. 22, 2014, no pet. h.). The record in this instance clearly demonstrates that the appellee refused consent. Accordingly, we reject this argument.

*Sandlin*, 2015 WL 294660, at *2.

**Argument**

## I. The blood results should not have been suppressed

This Court should grant review because the court of appeals decided an important question of state and federal law that is unsettled and should be settled by this Court. *See* Tex. R. App. P. 66.3(b). That question is whether warrantless blood draws conducted under the conditions listed in § 724.012 are reasonable under the Fourth Amendment. The other outstanding question, addressed in subsection B below, is whether the federal and state exclusionary rules require suppression when the warrantless blood draw occurred before *McNeely*.

## A. Reasonable under the Fourth Amendment

Like numerous other cases, the issue in this case revolves around whether a blood draw conducted pursuant to the implied consent and mandatory blood draw provisions of Chapter 724 of the Transportation Code is reasonable under the Fourth Amendment. Because this Court has already granted review to decide this issue in numerous other pending cases, review is also warranted in the instant case. *See, e.g., Villarreal,* No. PD-0306-14; *Holidy v. State,* No. PD-0622-14 (granted Aug. 20, 2014); *Reeder v. State,* No. 0601-14 (granted Aug. 20, 2014);

*State v. Smith*, No. PD-1615-14 (granted Feb. 11, 2015); *Cole v. State*, No. PD-0077-15 (granted Apr. 22, 2015).

## B. Sanction of exclusion is not warranted

If an officer believed a person was driving a child around while intoxicated and declined to provide a breath or blood sample, it would have been objectively reasonable in June 2012 for an officer to require a sample without a warrant. Not only that, § 724.012(b) mandated that the officer do so. Tex. Transp. Code § 724.012(b). As Sandlin's counsel put it in this case, § 724.012(b) had not "come into question," and it was presumptively constitutional. RR 15; *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009) ("Statutes are presumed to be constitutional until it is determined otherwise. The State and the trial court should not be required to anticipate that a statute may later be held to be unconstitutional.").

If anything, it is the legislature and not the officer who is to blame if statutory blood draws turn out to be unconstitutional. Under such circumstances, the sanction of excluding the blood evidence will not further the aim of an exclusionary rule—deterring unlawful police conduct. *Illinois v. Krull*, 480 U.S. 340, 347 (1987). At a high price to

7

society, it would penalize officers without bringing about any greater compliance with the laws on the books. *See id.* Still more, as the United States Supreme Court recognized in *Davis v. United States*, it will have a counter effect. Penalizing the blameless officer who follows the mandate of the current law will only discourage conscientious officers from doing their duty, where a controlling law specifically *authorizes* a particular police practice. *Davis v. United States*, 131 S. Ct. 2419, 2429 (2011).

Because Texas officers face these same incentives and disincentives, this Court should find that the Texas Exclusionary Rule, like its federal counterpart, does not mechanistically require the harsh sanction of exclusion in this circumstance. The statutory "good-faith" exception to Texas's Exclusionary Rule, Code of Criminal Procedure Article 38.23(b), which exempts an officer's good-faith reliance on a warrant, is inapplicable here because no warrant was ever involved. But other doctrines do apply. In order for evidence to be excluded under Texas law, for example, the evidence must be "obtained in violation" of a constitutional provision or statute. Tex. Code Crim. Proc. art. 38.23. And evidence has been "obtained in violation" when that evidence is

8

arrived at by exploiting an illegality. *State v. Mayorga*, 901 S.W.2d 943, 946 (Tex. Crim. App. 1995); s*ee also Wong Sun v. United States*, 371 U.S. 471, 487-88 (1963); *State v. Mazuca*, 375 S.W.3d 294, 300 (Tex. Crim. App. 2012). The timing of events matters. When the crime has not yet occurred (as in *Mayorga*) or the police conduct not yet illegal, the evidence is not "within the field of exploitation." *See Mayorga*, 901 S.W.2d at 946 (quoting lower court decision in *State v. Mayorga,* 876 S.W.2d 176, 178 (Tex. App.—Dallas 1994)). Where no court had yet held the officer's conduct illegal, and where a presumptively constitutional statute appeared to mandate the actions he undertook here, Officer Smith can hardly be said to have exploited an illegality.

Because it is important to Texas law whether the sanction of exclusion can be justified in these circumstances and because this Court has already granted review of this issue in *Cole v. State*, No. PD-0077-15, this Court should grant review in the instant case. This issue was implicitly passed on by the trial court; even defense counsel acknowledged that the officer's actions were "understandable" at the time he acted. RR 18. Consequently, this Court should remand to the

9

court of appeals to decide in the first instance whether the Texas Exclusionary Rule requires suppression.

Alternatively, this Court should find for the reasons set out in the State Prosecuting Attorney's brief in *Cole* that suppression is not warranted. *See* State Prosecuting Attorney's Brief on the Merits, *Cole v. State*, No. PD-0077-15 (filed June 4, 2015).

## II. The court of appeals should not have given *Villarreal* the weight of controlling authority

This Court should also grant review because the court of appeals's departure from the usual course of judicial proceedings warrants intervention by this Court. *See* Tex. R. App. P. 66.3(f). Instead of conducting its own analysis of the issue that the State presented in this appeal, the court of appeals relied solely[2] on a non-final opinion by this Court in *Villarreal.*

In *Yeager v. State*, another court of appeals also relied on an opinion of this Court that was still pending on rehearing. *Yeager v.*

---

[2] Although the court's decision also cites its published opinion in *Lloyd v. State*, that decision relies exclusively on *Villarreal* as well. *Lloyd v. State*, 453 S.W.3d 544, 547 (Tex. App.—Dallas 2014, pet. ref'd) ("With respect to the first argument, the court of criminal appeals already considered and rejected this precise argument [in *Villarreal*].").

10

*State*, 727 S.W.2d 280, 281 n.1 (Tex. Crim. App. 1987). In that instance, the Court of Criminal Appeals advised:

> Parties appearing before this Court and the Courts of Appeals should proceed with caution when relying on non-final opinions. An opinion which is not final is not a part of the jurisprudence of this State.

*Yeager*, 727 S.W.2d at 281 n.1. Here, the court of appeals relied on *Villarreal* to the exclusion of any other analysis.

This is not to say that a court of appeals cannot find a non-final opinion of this Court to be persuasive authority. Of course it may do so. After all, such a decision had the support of a majority of the judges of this Court for at least one period of time, and indeed, in many cases, an opinion in which a motion for rehearing is pending may ultimately carry the weight of authority when the opinion becomes final.

But the court of appeals in the instant case did not merely agree with the reasoning in *Villarreal*. Instead, the court of appeals rejected the State's arguments because, in the court's view, *Villarreal* required that result. As the court of appeals explained in its opinion, *Villarreal* had "specifically rejected" the State's argument and "[a]ccordingly," the court of appeals rejected it. From the court of appeals's treatment of *Villarreal*, there appeared no other alternative.

11

Because the court of appeals ceded its authority to decide the instant appeal based on an opinion of this Court that lacks the force of law and thus could not dictate the result, this Court should intervene and grant review.

## Prayer for Relief

Wherefore, the State of Texas prays that this Court will grant the petition and ultimately reverse the decision of the court of appeals.

Respectfully submitted,

**Greg Willis**
District Attorney
Collin County, Texas

**John R. Rolater, Jr.**
Chief of the Appellate Division

/s/ Emily Johnson-Liu
**Emily Johnson-Liu**
Assistant District Attorney
2100 Bloomdale Rd., Suite 200
State Bar No. 24032600
ejohnson-liu@co.collin.tx.us
(972) 548-4323
FAX (214) 491-4860

## Certificate of Service

The State has e-served counsel for Lawrence Sandlin, the Honorable Jerry Kelly, through the eFileTexas.gov filing system and sent a copy to The Honorable Lisa McMinn, State Prosecuting Attorney, on this, the 4th day of August 2015.

/s/ Emily Johnson-Liu

## Certificate of Compliance

This petition for discretionary review complies with the word limitations in Texas Rule of Appellate Procedure 9.4(i)(2). In reliance on the word count of the computer program used to prepare this petition, the undersigned attorney certifies that this document contains 2,046 words, exclusive of the sections exempted by Rule 9.4(i)(1).

/s/ Emily Johnson-Liu
Assistant District Attorney

**APPENDIX**

Opinion of the Court of Appeals,
Jan. 22, 2015



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00072-CR

**THE STATE OF TEXAS, Appellant**
**V.**
**LAWRENCE CLARK SANDLIN, Appellee**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-82012-2012**

## MEMORANDUM OPINION

Before Justices Bridges, Lang, and Evans
Opinion by Justice Evans

The State of Texas appeals the trial court's decision to grant appellee Lawrence Clark Sandlin's motion to suppress. In a single issue, the State contends that the mandatory blood draw provision of Section 724.012(b) of the Texas Transportation Code is lawful because it authorizes irrevocable consent in narrow circumstances. Finding no merit in the State's argument, we affirm the trial court's order granting the motion to suppress.

### BACKGROUND

On the evening of June 30, 2012, police officer Roger Smith noticed that a white Mini Cooper began drifting out its lane and making unsafe lane changes. Officer Smith stopped the car and noticed that Sandlin, the driver, had his eight-year old daughter in the car with him. Sandlin admitted he had been consuming alcohol. Officer Smith conducted a breath test which indicated the presence of alcohol in Sandlin's system. Officer Smith also performed the field

sobriety tests on Sandlin which also indicated that he had been driving while intoxicated. Sandlin was then arrested for driving while intoxicated with a passenger under fifteen years of age. After taking him to the jail, Officer Smith requested that Sandlin provide a breath and blood specimen and Sandlin refused. Officer Smith then informed Sandlin that pursuant to the Texas Transportation Code, it was mandatory that Sandlin provide a sample. *See* TEX. TRANSP. CODE ANN. § 724.012(b) (West 2011). A nurse then took a blood specimen from Sandlin at the jail.

Sandlin was indicted for the felony offense of DWI with a child passenger. Sandlin filed a motion to suppress alleging that the warrantless, nonconsensual blood draw was a violation of his Fourth Amendment rights under the United States Constitution. The trial court granted the motion to suppress and the State filed this appeal. While this appeal was pending, the court of criminal appeals issued its opinion in *State v. Villarreal*, No. PD-0306-14, 2014 WL 6734178 (Tex. Crim. App. Nov. 26, 2014), addressing involuntary blood draws taken under the authority of the Texas Transportation Code.

## ANALYSIS

In a single issue, the State claims that the trial court erred by granting Sandlin's motion to suppress. The State argues that the blood draw was lawful because the statutory scheme establishes prospective, but irrevocable, consent in certain narrow circumstances. We disagree.

We apply a bifurcated standard of review of a trial court's ruling on a motion to suppress by giving almost total deference to the trial court's determinations of fact and reviewing *de novo* the trial court's application of law. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011).

The Texas Court of Criminal Appeals recently addressed whether a warrantless, nonconsensual testing of a DWI suspect's blood violates the suspect's Fourth Amendment rights. *Villarreal*, 2014 WL 6734178. In *Villarreal*, the suspect was stopped for a traffic violation. *Id*.

at *1. As the suspect exhibited signs of intoxication, a DWI investigation was conducted. *Id.* The suspect refused to perform standardized field sobriety tests and refused to provide a blood specimen. *Id.* After the officer discovered that the suspect had been convicted of DWI on several occasions, the suspect's blood was drawn over his objection based on section 724.012(b) of the Texas Transportation Code. *Id.* at *2. The suspect then moved to suppress the blood test results and the trial court granted the motion. *Id.* On review to the court of criminal appeals, the State argued that the court of appeals erred in holding that a warrantless blood draw conducted pursuant to the provisions of the transportation code violates the Fourth Amendment. *Id.* at *6. The court of criminal appeals rejected the State's contention that the implied-consent and mandatory blood draw provisions established a constitutionally valid basis for conducting a nonconsensual search in the absence of a search warrant. *Id.*

In this case, the State argues that Sandlin gave implied consent to provide a breath or blood specimen which was irrevocable under section 724.012(b) of Texas Transportation Code because he had a child passenger in the vehicle with him. In *Villarreal*, however, the Texas Court of Criminal Appeals specifically rejected this argument:

> To the extent the State suggests that the implied-consent and mandatory-blood-draw provisions in the Transportation Code categorically extinguish a DWI suspect's right to withdraw consent when some aggravating circumstance is present, that suggestion cannot be squared with the requirement that, to be valid for Fourth Amendment purposes, consent must be freely and voluntarily given based on the totality of the circumstances, and must not have been revoked or withdrawn at the time of the search. In other words, implied consent that has been withdrawn or revoked by a suspect cannot serve as a substitute for the free and voluntary consent that the Fourth Amendment requires.

*Id.* at *11 (internal citations omitted); *Lloyd v. State*, No. 05-13-01004-CV, 2014 WL 7249747, at *3 (Tex. App.—Dallas Dec. 22, 2014, no pet. h.). The record in this instance clearly demonstrates that the appellee refused consent. Accordingly, we reject this argument.

–3–

## CONCLUSION

We resolve the State's issue against it and affirm the trial court's order granting the motion to suppress.

/ David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
140072F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-14-00072-CR        V.

LAWRENCE CLARK SANDLIN, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-82012-2012.
Opinion delivered by Justice Evans.
Justices Bridges and Lang participating.

Based on the Court's opinion of this date, the order of the trial court granting the motion to suppress is **AFFIRMED**.

Judgment entered this 22nd day of January, 2015.