In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00060-CR
_____

GERALD ALLEN GRAHAM, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 5
Montgomery County, Texas
Trial Cause No. 14-302572

## MEMORANDUM OPINION

Appellant Gerald Allen Graham appeals his conviction for criminal mischief. In his sole issue on appeal, Graham complains the trial court erred by denying his request to provide a jury instruction pursuant to article 38.23 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 38.23 (West 2005). Graham argues that because there is an issue of fact concerning whether he was driving recklessly, the trial court should have included an article 38.23 instruction informing the jury that it must disregard the evidence concerning

1

criminal mischief if it has a reasonable doubt that Graham was driving recklessly. We overrule Graham's sole issue and affirm the trial court's judgment.

## Background

On April 12, 2013, Texas Ranger Wesley Dolittle was driving to work when he observed a vehicle being driven in a reckless manner. Dolittle testified that he felt obligated to stop the vehicle so that it would not cause an accident. During the stop, Graham told Dolittle that he was on the way to the hospital, and he gave Dolittle the name of the person he was going to see. When Dolittle checked to see if there had been any accidents, he learned that no person by that name had gone by ambulance to the emergency room. At that point, Dolittle observed Graham's behavior, and he explained that Graham appeared to be yelling something at him and was pacing back and forth. Dolittle felt that Graham might flee, so he re-approached and placed Graham under arrest for reckless driving. Dolittle handcuffed Graham, placed him in the front passenger seat of his truck, and went to speak with Graham's passenger, Karen Graham.

While speaking with Karen, Dolittle observed that Graham was fidgeting in the truck. Dolittle checked on Graham and noticed that Graham had turned his wrists in the handcuffs, so Dolittle re-secured the handcuffs. Dolittle also turned on a pocket audio recorder to document his contact with Graham because Graham was

2

angry and yelling at him. Dolittle went back to speak with Karen, and upon returning to his truck, Dolittle observed that his department issued radio had been dislodged from the dashboard and was in the floorboard hanging from the wires. In addition to the reckless driving charge, Dolittle charged Graham with felony criminal mischief.

Graham entered a plea of guilty to the reckless driving charge, but proceeded to trial on a misdemeanor criminal mischief charge. During the trial, Karen testified that she was Graham's wife and she was with Graham when Dolittle pulled him over and arrested him for speeding. According to Karen, they were on their way to the hospital and Graham was speeding, but she did not recall Graham making any quick lane changes or nearly sideswiping a car. Karen testified that a vehicle had cut in front of them, causing Graham to slow down, but Graham did not have to slam on the brakes. Karen testified that Dolittle approached their vehicle and Graham calmly handed Dolittle his driver's license and information. According to Karen, when Dolittle returned, he told Graham to get out of the car because he was under arrest. Karen stated that Dolittle was very aggressive towards Graham, and after being arrested, Graham became very angry.

During the jury charge conference, Graham's counsel requested that the trial court include an article 38.23 instruction on reckless driving in the jury charge,

because Karen's testimony brought up some evidence that Graham was not driving recklessly. Graham's counsel argued that because the State had failed to properly rebut Karen's testimony, the State could not bring up the reckless driving conviction because it was not in evidence. The trial court denied Graham's article 38.23 request, noting that Graham had pleaded guilty to reckless driving. The jury found Graham guilty of criminal mischief and sentenced Graham to 180 days in jail and assessed a $2000 fine. Graham appealed.

Analysis

Graham argues that the trial court erred by denying his request to provide an article 38.23 instruction because Karen's testimony created a fact issue as to whether there was probable cause to arrest Graham for reckless driving. The State argues that article 38.23 does not apply because Graham committed the offense of criminal mischief after he was stopped and arrested for reckless driving. In reviewing jury charge error, we must undertake a two-step review: first, we must determine whether error actually exists in the charge; and second, if error exists, we must determine whether sufficient harm resulted from the error to require reversal. *Abdnor v. State*, 871 S.W.2d 726, 731-32 (Tex. Crim. App. 1994).

We note that the phrase "obtained in violation of the law," as used in Article 38.23, "contemplates that a crime has been committed; that evidence of that crime

4

exists; and that officers violated the law in attempting to obtain evidence of the previously committed crime." *State v. Iduarte*, 268 S.W.3d 544, 550 (Tex. Crim. App. 2008) (quoting *State v. Mayorga*, 901 S.W.2d 943, 945-46 (Tex. Crim. App. 1995)). To trigger the application of article 38.23, "the officers must act illegally in obtaining existing evidence of an offense." *Id.* Several Texas courts have held that the exclusionary rule is not applicable when a police officer's alleged violation of the law precedes the commission of an offense by the defendant. *See id.* at 551 (exclusionary rule held inapplicable when officer's alleged illegal entry preceded offense of assault on a public servant); *Bryant v. State*, 253 S.W.3d 810, 812-13 (Tex. App.—Amarillo 2008, pet. ref'd) (exclusionary rule held inapplicable when alleged illegal detention preceded offense of tampering with physical evidence); *Donoho v. State*, 39 S.W.3d 324, 327 (Tex. App.—Fort Worth 2001, pet. ref'd) (exclusionary rule held inapplicable when alleged illegal arrest preceded offense of assault on a public servant). Here, because Dolittle's alleged violation of the law occurred prior to Graham committing the offense of criminal mischief, the article 38.23 exclusionary rule did not apply.

We conclude that the trial court did not err by denying Graham's request for a jury charge instruction under Article 38.23(a). We overrule Graham's sole issue and affirm the trial court's judgment.

AFFIRMED.

                                               _____
                                                   STEVE McKEITHEN
                                                     Chief Justice

Submitted on November 21, 2016
Opinion Delivered December 14, 2016
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.